ALBANY,
August, 1822.

ANDRUS against WARING and others.

ANDRUS
v.
WARING.

THIS was an action of *debt*, on the penalty of a bond, executed by the defendants, *William Waring*, *William Baker*, *William Vaughan*, *Abiathar Waldo*, and *A. Pease*, to the plaintiff, as Sheriff of the county of *Jefferson*, on the 20th of *August*, 1816. The condition of the bond was, " that if *A. Waldo*, (one of the defendants,) shall well and duly perform the office of *deputy Sheriff*, in all things, according to law, and shall render a just and true account of all business that shall come into his hands, as a deputy Sheriff ought to do, according to the best of his abilities, then the obligation to be void." The declaration was in the usual form. The defendants pleaded, 1. *Non est fac-*

To a declaration in debt, on the penalty of a bond, executed to the plaintiff, as Sheriff, conditioned that *W.* shall well and duly perform the office of a *deputy* Sheriff, &c. and render a just and true account of all business that shall come to his hands, &c. *non-damnifi-catus* is not a

good plea: but if it were, the defendant, after pleading such a plea, cannot rejoin, confessing and avoiding the action, for that would be a *departure*, and the rejoinder would be bad, on general demurrer.

A rejoinder, in answer to a breach assigned in the replication, of negligence in *W.*, the deputy, in the execution of process, &c., delivered to him, that he was removed by the plaintiff from his office of deputy, without alleging that such discharge was *under seal*, is bad.

So, where the breach assigned in the replication was, that the deputy, on the arrest of a defendant on *mesne* process, took a bail bond, and that no appearance was entered, or special bail filed, and that the bail to the arrest was insolvent, and wholly insufficient, by reason whereof, the plaintiff was obliged to pay, &c.; a *rejoinder*, that the bail to the arrest had, at the time, sufficient in the county to answer, and was good and responsible, is bad; for nothing can be a performance of the condition of the bail bond, but putting in and perfecting special bail. And if the plaintiff, instead of demurring to such a rejoinder, surrejoins, that the bail taken was insolvent, and wholly insufficient, and through the negligence of the deputy, no special bail was filed, &c. taking issue thereon, such surrejoinder is not a departure, but is good on special demurrer.

So, where the breach assigned in the replication was, that after the bond was given to the plaintiff, and while *W.* was a deputy Sheriff, a writ of *fi. fa.*, &c. was delivered to him, and by his negligence and default in not returning it, &c. the plaintiff was compelled, by attachment, to pay a large sum, &c. And the *rejoinder* alleged, that before the issuing of the *fi. fa. W.* was removed by the plaintiff from his office of deputy; and that the writ did not come to the hands of *W.* until after he was removed; and the plaintiff *surrejoined*, that the writ was committed to the care of *W.*, as deputy, while he continued to exercise the duties of the office of deputy Sheriff, and was a deputy under the plaintiff, tendering issue thereon: On a special demurrer, *held*, that the surrejoinder was good.

Where, to a similar breach assigned in the replication, the defendant *rejoined*, that the writ was delivered to *W.* previous to the execution of the bond to the plaintiff, and while *W.* was a deputy Sheriff, by virtue of a previous appointment; and the plaintiff *surrejoined*, that the writ was delivered to *W.* while he was acting as deputy Sheriff, and was a deputy Sheriff under the plaintiff: On a special demurrer; *held*, that the surrejoinder was bad; it being evasive, and not answering the material allegations of the rejoinder, and tendering issue on an immaterial fact.

Where several defendants to an action of debt, have joined in pleas in bar, one of them cannot, afterwards, sever, and put in a plea, going to his personal discharge; as a discharge under the insolvent act.

A discharge, under the insolvent act, of a defendant, who had executed a bond as a surety for a deputy Sheriff, is not a good plea in bar; as the amount of damages sustained, in consequence of the breaches of the condition of the bond, was not ascertained, or liquidated.

*tum.* 2. After craving *oyer* of the condition of the bond, *non damnificatus.* To the *second* plea, the plaintiff filed *three replications,* assigning breaches in each. In the *first,* that the said *A. W.,* while a deputy under the plaintiff, did not duly perform the office, &c. nor render a true and just account of all business that came to his hands, as a deputy Sheriff ought to do, &c.; in consequence whereof, the plaintiff became liable to pay, and was obliged to pay, divers sums of money, to wit, 75 dollars and 68 cents, being the amount collected by *A. W.* as deputy Sheriff, on a *ca. sa.* issued against *E. Clark;* and also, 272 dollars, on an attachment issued out of this Court against the plaintiff, as Sheriff, &c. for not returning a writ of *fi. fa.* in favour of *Paul Cushman,* against *P. Seymour* and *R. P. Hayes;* and also, 270 dollars and 38 cents, on three attachments against the plaintiff, as Sheriff, for not returning three writs of *fi. fa.* issued out of this Court, directed, &c. ; in one of which, *B. Platt* was plaintiff, and *J. Mc Wain,* defendant; another, at the suit of the same plaintiff, against *J. Cowan ;* and another, at the suit of the same plaintiff, against *E. Ferrill,* defendant, &c. &c. stating various other breaches. The second assignment of breaches stated, that *A. W.,* while deputy Sheriff, &c. received a *capias ad resp.* in favour of the *New-Hartford Manufacturing Society,* against *Elam Wilber,* by virtue of which, he arrested *E. W.,* and thereupon took a bail bond, executed by *Warren Kent* and the said *E. W.,* conditioned for the appearance of the said *E. W.* at the return of the said writ, according to the rules and practice of the Court, by filing special bail, &c.; that the said *Warren Kent* became insolvent, and no bail was filed, and no appearance entered, according to the tenor and effect of the bail bond in the said suit, whereof the said *A. Waldo* had notice, &c.; by means whereof, the plaintiff was afterwards, to wit, on the twenty-second of *December,* 1818, at, &c. obliged to pay, and did then and there pay, the said *New-Hartford Manufacturing Society,* the amount of the damages and costs, claimed and ascertained to be due from the said *E. W.* to them, to wit, the sum of 124 dollars and 25 cents damages, and 97 dollars and 73 cents costs of the suit, and of an attachment issued against the plaintiff, as

ALBANY,
August, 1822.

ANDRUS
v.
WARING.

Sheriff; and also, 6 dollars and 50 cents, fees to the Coroner, on the said attachment; which said sums the plaintiff was compelled to pay, and did pay, in consequence of the negligence and default of the said *A. W.* in his office of deputy Sheriff, in not well and duly performing his said office as deputy Sheriff, in all things according to law; and in not rendering a just and true account of all business that came to his hands, &c. The *third* assignment of breaches, stated generally, that the plaintiff had been obliged to pay, and had paid, divers large sums of money, to wit, the sum of three thousand dollars, on, &c. at, &c. in consequence of the default of the said *A. W.* in his office as deputy Sheriff, &c.

To these replications, the defendants put in six rejoinders. In the *first* rejoinder to the first replication, as to the several breaches therein assigned, the defendant said, that the plaintiff ought not, by reason, &c. to have or maintain his said action, &c. because, &c. the plaintiff did not become liable to pay, nor was obliged to pay, the said sums of money mentioned, &c. or any part thereof, in manner and form, &c.; and further, that the said writs in the said replication mentioned, &c. were not committed or intrusted to the care and direction of the said *A. W.* as deputy Sheriff, &c. while he exercised the said office, in manner and form, &c. *without this*, that the said several sums of money mentioned, &c. were collected and received by the said *A. W.* as such deputy Sheriff, and while he exercised the said office, &c. &c.

*Second* rejoinder: as to the *fi. fa.* in favour of *P. Cushman*, against *Seymour* and *Hayes*, mentioned in the said first replication, the defendants say, that the plaintiff ought not, &c. because, they say, that after the making of the said bond or obligation, &c. and after the said *A. W.* had taken upon himself and exercised the office of deputy Sheriff, and before the issuing of the said writ of *fi. fa.* &c. to wit, on the 15th of January, 1817, the said *A. W.* was duly removed from the said office of deputy Sheriff, by the plaintiff, then being Sheriff, &c.; of which removal, the said defendants then and there had notice, &c.; and further, that the said writ of *fi. fa.* &c. did not come into the hands of the said *A. W.* until after he, the said *A. W.*, was so removed

from his said office, to wit, on the 29th of *May*, 1817, with a verification, &c.

*Third* rejoinder, as to so much of the *first* replication, as relates to the writs of *fi. fa.* in favour of *B. Pratt*, &c. the defendants say, that the plaintiff ought not to have, and maintain his said action, &c. because, they say, that the said *A. W.*, long before the making of the said supposed bond, or writing obligatory, &c. to wit, on the 4th of *March*, 1815, to wit, at, &c. was a deputy Sheriff, by and under the plaintiff, as Sheriff of the county of *Jefferson*, and on that occasion *John Cowles*, *Miles Cooper*, and *Morris Homan*, became bail and sureties for him, to the plaintiff: and that the said *A. W.* continued in his said office of deputy Sheriff until and after the execution of the said supposed bond, &c. in the declaration mentioned ; and that the said writs of *fi. fa.*, &c. came to the hands of the said *A. W.*, as deputy Sheriff, &c. before the making of the said bond, or writing obligatory, in the declaration mentioned, to wit, on the 9th of *August*, 1816; with a verification.

*Fourth* rejoinder, as to the residue of the first replication, &c. ; that after the making of the said bond, &c. mentioned in the declaration, the said *A. W.* did not refuse to render a just and true account for, and pay over to the plaintiff, and others, for whom he had collected and received money, amounting, in the whole, to a large sum, to wit, the sum of 3000 dollars, or any part thereof, in manner and form, &c. ; nor did the said *A. W.* ever embezzle a large sum of money, to wit, the sum of 3000 dollars, belonging to the plaintiff, or any part thereof, which, by the said replication, is supposed that he, the said *A. W.*, received, by virtue of his office ; nor did he, the said *A. W.*, refuse to render a just and true account to the plaintiff for the same, or any part thereof, in manner and form, &c. ; and tendering issue to the country.

*Fifth* rejoinder, as to the second replication, alleging that *Warren Kent*, who executed the bail bond, taken for the appearance of the said *Elam Wilber*, at the suit of the *New-Hartford Manufacturing Society*, according to the exigency of the said writ, had sufficient within the said county of *Jefferson*, to answer according to the exigency of the said

writ, and was good and responsible ; of all which the plaintiff had notice ; and this the defendants were ready to verify, &c.

*Sixth* rejoinder to the third replication ; alleging that the plaintiff had not been obliged to pay the sum of 3000 dollars, or any part thereof, in consequence of any negligence, or default of the said *A. W.*, in his office of deputy Sheriff, &c. &c. and tendering an issue to the country.

The plaintiff *surrejoined. First,* to so much of the rejoinder of the defendants, whereof they put themselves on the country, the plaintiff joined issue. *Second,* to so much of the rejoinder to the first breach assigned in the replication, as related to the *fi. fa.* in favour of *P. Cushman* against *Seymour* and *Hayes,* the plaintiff said, that the writ of *fi. fa.* was intrusted to the care of the said *A. W.* while he continued to exercise the duties of the office of deputy Sheriff under the plaintiff, being Sheriff, &c. and this he prayed might be inquired of by the country. *Third,* as to so much of the rejoinder as related to the several writs of *fi. fa.* in favour of *B. Pratt,* the plaintiff alleged, that the said writs of *fi. fa.* were committed and confided to the said *A. W.* while he was acting as such deputy Sheriff under the plaintiff, as Sheriff, &c. and the moneys thereon levied and collected, were collected and received by the said *A. W.* while acting as such deputy, &c. after the execution of the said bond, or writing obligatory, in the plaintiff's declaration mentioned ; and this the plaintiff prayed might be inquired of by the country, &c. *Fourth,* as to the rejoinder to the second breach assigned in the replication, the plaintiff surrejoined, that *Warren Kent* was, and did become insolvent, and wholly insufficient ; and that, through the negligence and default of the said *A. W.*, no bail was filed in the said cause of the *New-Hartford Manufacturing Society* against *Elam Wilber ;* and this the plaintiff prayed might be inquired of by the country, &c.

The defendants *demurred* to the *second, third,* and *fourth surrejoinders,* and assigned special causes of demurrer. *First,* because the *second* surrejoinder does not confess and avoid, or traverse and deny the facts alleged in the rejoinder, as to the *fi. fa.* in favour of *Cushman* against *Seymour*

and *Hayes;* and, also, that it does not answer so much of the said rejoinder as it assumes to answer; nor does it answer any of the facts stated in that part of the rejoinder, which it pretends to answer, or joins any issue thereon, which can be tried by the country; and, also, that the plaintiff joins issue on an immaterial fact, and leaves unanswered the material facts, which ought to have been answered. *Second,* because the *third* surrejoinder does not confess and avoid, or traverse and deny, the facts alleged in the rejoinder, as relate to the several writs of *fi. fa.* in favour of *Benjamin Pratt* against *M'Wain, Cowan* and *Ferrill,* and in favour of *Elam Brown* against *A. Kilbourn,* &c. *Third,* because that the said *third* surrejoinder introduces new matter, to wit, in alleging that the moneys collected on the said executions, were collected and received by *A. W.* after the execution of the said writing obligatory, mentioned in the declaration; and it concludes to the country, when it ought to have concluded with a verification, so as to give the defendants an opportunity to reply to such new matter. *Fourth,* because the *fourth* surrejoinder neither confesses and avoids, nor traverses and denies, the allegation in the rejoinder, that *Warren Kent,* at the time he executed the bail bond mentioned therein, had sufficient in the said county to answer according to the exigency of the writ therein mentioned, and was good and responsible, &c. *Fifth,* because the said *fourth* surrejoinder alleged that, through the default and negligence of the said *A. W.,* no bail was filed in the suit against *Elam Wilber,* which is a departure from the cause of action assigned in the *second* breach, or replication, of the plaintiff. *Sixth,* because the said *fourth* surrejoinder introduces new matter, and concludes to the country, when it should have concluded with a verification, &c.

The plaintiff joined in demurrer.

After all the defendants had rejoined, *Vaughan,* one of the defendants, severed, and interposed a separate rejoinder, alleging, that after making the bond mentioned in the declaration, and after the supposed breaches of the condition were committed, and before the commencement of the present suit, to wit, on the 28th of *December,* 1818, he was duly discharged, under the act for giving relief in cases of insol-

ALBANY,
August, 1822.

ANDRUS
v.
WARING.

vency, as an insolvent debtor; setting forth his imprisonment, petition, &c. and that such proceedings were thereupon had, that by virtue of the act he was, on the 13th of *March*, 1819, discharged by the commissioner, and setting forth his discharge *verbatim*. To this rejoinder, the plaintiff demurred, and *Vaughan* joined in demurrer.

The demurrers were submitted to the Court, without argument, on the points and authorities stated by the counsel.

*W. D. Ford*, for the plaintiff.

*J. Butterfield*, for the defendants.

WOODWORTH, J. delivered the opinion of the Court.

This is an action of debt on the penalty of a bond, executed by the defendants to the plaintiff, as Sheriff of the county of *Jefferson*, on the 20th of *August*, 1816.

The defendants all join in a plea: 1. Of *non est factum*. 2. After craving *oyer* of the condition of the bond, which is, " that if *Waldo* shall well and duly perform the office of deputy Sheriff in all things according to law, and shall render a just and true account of all business that shall come into his hands, as a deputy Sheriff ought to do, according to the best of his abilities, then the obligation to be void," they say, the plaintiff has not been damnified.

To the *second* plea, the plaintiff filed three replications, assigning breaches in each. The defendants joined in six rejoinders to the matters alleged in these replications; to which the plaintiff surrejoined, and tendered issues to the country. The defendants struck out the *similiter* to the 2d, 3d and 4th surrejoinders, and demurred specially; and the plaintiff joined in demurrer.

After the defendants had rejoined, the defendant, *Vaughan*, severed, and interposed a separate rejoinder, alleging, that since the making of the bond, and since the committing of the supposed breaches, he had been duly discharged under the act for giving relief in cases of insolvency. The plaintiff demurred to this last rejoinder, and the defendant, *Vaughan*, joined.

I will first examine whether this demurrer is well taken.

The rejoinder by *Vaughan* is bad, because it is a depar-
ture from the plea in bar.     After pleading that the plaintiff
was not damnified, the defendant cannot rejoin confessing
and avoiding the action.     This position is supported by the
uniform current of authority.     (*Co. Lit.* 304. *a.* 2 *Wils.*
96.   4 *Term Rep.* 504.   2 *Caines,* 320.   3 *Johns. Rep.*
367.   16 *Johns. Rep.* 205.)   Such departure is bad, in
substance, and   on general demurrer.     (1   *Wils. Rep.*
122.   4 *Term Rep.* 504.   2 *Wils. Rep.* 96.   1 *Chitty's Pl.*
623.   2 *Saund.* 84   *a.* n. 1.)     The last case corrects that
part of note 3, to 1 *Saund.* 117, in which it is said, that
since the statute of 4 and 5 *Anne,* ch. 16, a departure is
matter of form, and good, unless specially demurred to.

The rejoinder is, also, bad on other grounds.   *Vaughan* ha-
ving joined with the other defendants in the pleas in bar,
and the first six rejoinders, has united his defence with
theirs; and could not, afterwards, interpose a plea going
to his personal discharge.   (*Smith* v.  *Bouchier et al.* 2 *Str.*
994.     *Schermerhorn* v.  *Tripp,* 2  *Caines,* 108.)   In ac-
tions *ex contractu,* where there are several defendants, who
join in their pleas, and a verdict is found against them, the
plaintiff cannot enter a *nolle prosequi* against any of them,
because, the contract being joint, the plaintiff is compellable
to bring his action against all the parties ; and he shall not,
by entering a *nolle prosequi,* prevent the defendants, against
whom the recovery has been had, from calling upon the
other defendants for a rateable contribution.    But if, in such
actions, the defendants sever in their pleas, as where one
pleads some plea, which goes to his personal discharge, and
not to the action of the writ, the plaintiff may enter a *nolle
prosequi* as to him, and proceed against the others.   (1
*Saund.* 207. n. 2.)     The case of *Hartness* v.  *Thompson*
and others, (5 *Johns. Rep.* 160.) is not opposed to this prin-
ciple, but supports it.   The action was on a joint and seve-
ral promissory note ; the defendants pleaded *non assumpsit.*
At the trial, one of the defendants was permitted to prove
infancy, and a verdict was taken in his favour, and for the
plaintiff against the other defendants.   This case was con-
sidered as falling within the reason of the distinction laid
down in *Noke and Chiswell* v. *Ingham,* (1 *Wils.* 90.)

where it was held, that where an action is brought against several parties to a joint contract, and one pleads some plea, which goes to his personal discharge, and not to the action of the writ, the plaintiff may enter a *nolle prosequi* as to him, and proceed against the others. It is true, in the case of *Hartness* v. *Thompson et al.* the defendants all joined in the plea; but it will be seen, that proof of *infancy* was proper under the general issue, and in such a case, it is the same as if infancy had been pleaded; and so Mr. Justice *Van Ness* seems to consider it. He observes, " when a suit is commenced against several joint debtors, upon a joint contract, and one of them pleads or gives in evidence a matter which is a bar to the action, as against him only, and of which the others cannot take advantage; as it respects them, there can be no good reason why the plaintiff should not be at liberty to proceed to take judgment against them."

ALBANY, August, 1822.

ANDRUS v. WARING.

If issue had been taken on this plea, and found for the defendant, judgment must have been against the plaintiff for the whole, because all the defendants having united in the other pleas, although the plaintiff should obtain a verdict on those issues, he could not have judgment; for *Vaughan*, having succeeded on the issue, which went to his personal discharge, judgment could not be rendered against him on the other issues; and, as we have seen, it would not be competent for the plaintiff to enter a *nolle prosequi* against *Vaughan*, in the state in which these pleadings are, as might have been done, had *Vaughan* relied solely on his discharge, and pleaded that singly. The plea is bad, on another ground, because the plaintiff's demand was not reduced to certainty, when *Vaughan* was discharged. The plea alleges, that after the committing of the supposed breaches by *Waldo*, *Vaughan* was discharged. It is true, *Waldo* had neglected to fulfil the condition of the bond, and *Andrus* was liable to the parties in the suits; but the amount was not liquidated; it was uncertain, and consequently he could not come in as a creditor under the assignment.

This is like the case of bail, who had become fixed, and judgment recovered against them on the recognisance; the principal was then discharged; after this, the bail paid the money; and thereupon, brought an action against the princi-

pal; and it was held, the debt was not made certain, until after the defendant's discharge. The debt must be certain and fixed at the time of the insolvent's assignment. (*Buel* v. *Gordon*, 6 *Johns. Rep.* 126. *Frost* v. *Carter*, 1 *Johns. Cas.* 73.)

On this demurrer, there must be judgment for the plaintiff.

The next inquiry will be as to the special demurrers taken by the defendants to the 2d, 3d and 4th surrejoinders of the plaintiff. It is an established rule, that although the pleading demurred to be defective, the Court will give judgment against the party whose pleading was first defective in substance. It is contended by the plaintiff's counsel, that the plea of *non damnificatus* is no answer to the declaration, and, therefore, void. If this be correct, it will be unnecessary to notice the subsequent pleadings.

It appears to be settled, that in all cases of conditions to indemnify and save harmless, the proper plea is *non damnificatus ;* and if there be any damage, the plaintiff must reply it. (1 *Saund.* 117. n. 1. and the authorities there collected.) So, also, where all the matters to be performed are in the affirmative, it is sufficient for the defendant to plead a performance generally; and it must come from the other side to show a breach committed by the defendant. (2 *Saund.* 411. n. 3.) But where the condition of a bond consists of several particular things to be performed by the obligor, he cannot plead a general performance, but must set forth particularly, in his plea, how he hath performed each particular thing. (1 *Saund.* 117. 1 *Sid.* 215. 1 *Lev.* 303. *Cro. Jac.* 359.)

The bond, in this case, is not technically a bond of indemnity, although intended as such. The condition is to perform two things : first, well and duly to perform the office of deputy Sheriff; and, second, to render a just and true account of all business that shall come into his hands, as a deputy Sheriff ought to do. In *Woods* v. *Rowan and Coon*, (5 *Johns. Rep.* 42.) the condition of the bond was, that *Rowan* should remain a true and faithful prisoner, and not depart or go without the limits of the gaol, until discharged by due course of law. The defendants pleaded, that the bond was made for the indemnity of the plaintiff,

and that the plaintiff had been indemnified by the defendants. To this plea, there was a general demurrer. The Court held, that it was no answer to the action to say, that the plaintiff is not damnified, for the condition is to remain a faithful prisoner, and not depart the liberties; the moment he does so, the bond is broken, and a cause of action accrues on the penalty. How much the plaintiff shall recover, is a distinct question. The same answer may be given to the plea of the defendants. The bond is broken, if the deputy does not well and duly perform the office, or if he shall not render a just and true account; for this the plaintiff would be entitled to recover nominal damages, although he may not actually have been made liable by suit, or been obliged to satisfy the persons whose business had been neglected by *Waldo*, as deputy. It is sufficient that the plaintiff was entitled to judgment against the defendants for a non-performance of the condition. The plea of *non damnificatus* is, substantially, that the plaintiff has not been made liable to third persons for any neglect of *Waldo*; and, as the plaintiff's action is sustainable, without showing this, it follows, that the plea is bad, and no answer to the declaration; and, on that ground, being matter of substance, the plaintiff is entitled to judgment on the demurrers, to the 2d, 3d and 4th surrejoinders. (*Holmes* v. *Rhodes*, 1 *Bos. and Pull.* 638.)

But, admitting the plea to be good, the rejoinders preceding the demurrers taken by the defendants, are bad, being a departure from the plea in bar. A departure is defined to be, when a party quits one defence, which he has first made, and has recourse to another. It is when the second plea does not contain matter pursuant to the first, and does not support and fortify it. (*Co. Lit.* 304 *a.* 2 *Saund.* 84. n. 1.) It is also settled, that a departure in pleading is matter of substance, and bad upon general demurrer. (2 *Wils.* 96; 1 *Wils.* 122. 4 *Term Rep.* 504. 2 *Saund.* 84. n. 1.)

The rejoinders fall within this definition; for the plea rests the defence, on the ground that the plaintiff has not been damnified. The rejoinders set out facts which place the defence on a different ground; that is to say, admitting that the plaintiff has been damnified, yet he has no legal claim against the defendants to be indemnified: It is

confessing and avoiding the action, which is inadmissible. This view of the rejoinders, to which the plaintiff has surre-joined, and the defendants demurred, if correctly taken, disposes of the demurrers, however defective the surrejoinders may be. There are, however, other objections, which apply to the rejoinders, separately. The *second* rejoinder avers, that *Waldo* was removed from the office of deputy Sheriff by the plaintiff, but does not allege that the discharge was under seal. I apprehend a discharge by parol would be a nullity ; this was so decided in the case of *The People* v. *Andrus*, on an attachment, in *May* term, 1819.

In *Van Antwerp* v. *Stuart*, (8 *Johns. Rep.* 125.) in an action of debt, on an arbitration bond, the defendant pleaded no award. The plaintiff replied, that the defendant revoked the submission ; but did not state, that the revocation was under seal. The plaintiff demurred generally; and the replication was held bad, in not stating the revocation to be under seal, and that the Court could not intend it. (1 *Saund.* 291. n. 1.)

The rejoinder to the second replication is, that *Warren Kent* became bail, and executed a bail bond ; that *Kent* had sufficient property at the time, within the county, to answer, and was good and responsible. The *fourth* surrejoinder answers this, and the defendants demur. I think the rejoinder bad, according to *Stevens* v. *Boyce and Daley*, (9 *Johns. Rep.* 292.) in which it was held, that on a bond to the Sheriff to indemnify and save harmless, the defendant, by the bond, assumed every risk which the law attached to the execution of process, one of which was the continued responsibility of the bail to the arrest. This material averment is omitted. The plea does not aver, that special bail was put in and perfected. Nothing can be a performance of the condition of the bail bond, but putting in and perfecting special bail. (5 *Burr.* 2683.) The bail bond is for the indemnity of the Sheriff. As nothing but putting in and perfecting special bail, will answer the condition of the bail bond, nothing else will excuse the Sheriff. His deputy is answerable over to him in like manner. *Waldo*, therefore, is liable, there being no averment that special bail had been perfected.

In the next place, I will consider the surrejoinders of the plaintiff, to which the defendants have demurred specially. In the first replication, the plaintiff avers, that after making the bond, and while *Waldo* was deputy Sheriff under the plaintiff, there was intrusted to him, as such deputy Sheriff, a writ of *fi. fa.* in favour of *Paul Cushman* against *Polydore Seymour* and *Roswel P. Hayes;* and that, through the negligence and default of *Waldo*, in not duly returning the writ, the plaintiff had been forced to pay a large sum of money. The defendants rejoin, that before the issuing of the writ, on the 15th of *January*, 1817, *Waldo* was removed from the office of deputy by the plaintiff; that the writ of *fi. fa.* was tested on the 17th of *May*, 1817, and did not come to *Waldo's* hands until after he was removed, to wit, on the 29th of *May*, 1817. The plaintiff surrejoins, that the writ of *fi. fa.* was committed to the care and directions of *Waldo*, while he continued *to exercise the duties of the office of deputy Sheriff*, and was deputy Sheriff under the plaintiff. To this the defendants demurred specially, and assigned, among other things, for cause, that the plaintiff does not confess and avoid, or traverse and deny, the facts in the rejoinder set forth, but joins issue on an immaterial fact.

It appears to me, that the demurrer is not well taken; for the allegation in the rejoinder substantially is, that he was not a deputy when he received the writ: if he had been removed from office, he was no longer a deputy. The surrejoinder puts in issue the fact; for it alleges that the *fi. fa.* was confided to *Waldo* while he was deputy Sheriff under the plaintiff, and, therefore, concludes properly to the country. On the trial, it would be competent for the defendants to prove the fact, that *Waldo* had been removed previously; and, if made out, it would have entitled the defendants to a verdict on this issue. " A replication, at once denying the particular fact intended to be put in issue, and concluding to the country, without any preamble, and without a formal traverse, frequently occurs in practice, and, on account of its conciseness, should, when practicable, be adopted." (1 *Chit. Pl.* 592.) The same rule is recognised by Justice *Ashhurst.* (2 *Term Rep.* 442.) If a plea

ALBANY,
August, 1822.

ANDRUS
v.
WARING.

answers the matter which is the *gist* of the action, it is sufficient. (1 *Saund. Rep.* 28. note 3. 2 *Term Rep.* 297. 3 *Wils. Rep.* 20.) The fact on which issue is taken, is a material fact; and, if found for the defendants, would determine the merits of the cause.

Another breach in the *replication* is, that while *Waldo* was deputy Sheriff under the plaintiff, there was intrusted to his care, three writs of *fi. fa.* in favour of *Benjamin Pratt*, which, by reason of the negligence and default of *Waldo*, were not duly returned, and that attachments were issued against the plaintiff, as Sheriff; by reason of which, he was obliged to pay a large sum of money, stating the amount: *Rejoinder*, that *Waldo* received the several writs of *fi. fa.* previous to the making the writing obligatory, and while *Waldo* was a deputy Sheriff, by virtue of a previous appointment: *Surrejoinder*, that the writs were committed to *Waldo* while he was acting *as deputy Sheriff, and was deputy Sheriff* under the plaintiff, and that the moneys were collected by *Waldo* while acting as such deputy Sheriff under the plaintiff, after the execution of the bond in the plaintiff's declaration: to this there is a *special demurrer*, setting out several causes. This demurrer is well taken. The bond does not extend to writs committed to *Waldo* previous to its execution, or to any acts of his in relation to such writs, subsequent to the execution of the bond. It is, and was intended to be prospective. The surrejoinder does not answer a material allegation set out in the rejoinder, but evidently evades it, and sets out immaterial matters; in this, that *Waldo* was a deputy when he received the writs, and collected the money after the execution of the bond. This may be all true, but is no answer to the defence, which rests on the fact, that *Waldo* received the writs under a previous appointment, before the defendants became sureties. The plaintiff was bound to take issue on it; and not having done so, the defendants had cause of demurrer.

A further breach assigned in the *replication* is, that *Waldo* received a *capias ad respondendum*, issued out of this Court, against *Elam Wilber* in favour of the *New-Hartford Manufacturing Society*, and arrested *Wilber*, and took a bail bond, executed by *Warren Kent* and *Wilber*, condi-

tioned for his appearance, according to the rules and prac- ALBANY,
tice of the Court, by filing special bail ; that *Kent* was, and August, 1822.
did become insolvent; that no bail was filed ; by means ANDRUS
whereof, the plaintiff was obliged to pay the amount ascer- v.
tained to be due from *Wilber*, on an attachment : *Rejoin- WARING.
der*, that *Waldo* arrested *Wilber*, and took bail for his ap-
pearance ; that *Warren Kent* became bail, and executed a
bail bond, and that *Kent* had sufficient at the time within
the county, to answer according to the exigency of the writ,
and was good and responsible : *Surrejoinder*, that *Warren
Kent* was, and did become insolvent, and wholly insufficient,
and, through the negligence of *Waldo*, no bail was filed.
To this surrejoinder the defendants *demurred* specially, be-
cause the plaintiff has not confessed or avoided the fact, that
*Kent* had sufficient property, and was good ; and because the
plaintiff alleges, that, by the negligence of *Waldo*, no bail
was filed, which is a departure from the cause of action as-
signed in the replication, and because it introduces new mat-
ter, and concludes to the country.   The demurrer is not well
taken.   As to the first cause, it may be observed, that the alle-
gation in the rejoinder, that *Kent*, at the time he executed
the bail bond, had sufficient, was irrelevant and immaterial ;
the plaintiff, therefore, properly took issue on the most mate-
rial fact alleged ; that is to say, that *Kent* was good and re-
sponsible, by averring that *Kent* was and did become insol-
vent, and was wholly insufficient, which corresponds with
the allegation in the *replication*, and is not a departure.
Although the plaintiff might have demurred for the insuffi-
ciency of the rejoinder in substance, he might elect to waive
that, and take issue on the most material point alleged by
the defendants, without giving cause for a special demurrer.

The residue of the surrejoinder, which is, that through
the negligence and default of *Waldo*, no bail was filed, is
not a departure ; for it does not quit the ground taken in
the replication, but supports and fortifies it ; neither does it
allege new matter which required a verification.   The de-
fendants allege this for special cause, but have not pointed
out in what the new matter consists.   It is not, therefore,
well assigned.   (2  *Johns. Rep.* 429.)

ALBANY,
August, 1822.

On a review of this case, I am of opinion, that the demurrers of the defendants to the *second* and *fourth surrejoinders*, must be overruled, and that the demurrer to the *third surrejoinder* is well taken. But, as the *rejoinders* are bad in substance, and the plea of *non damnificatus* cannot be supported, the plaintiff is entitled to judgment.

Judgment for the plaintiff.