## Coombs *v.* Newlon and Another.

To debt on a bond executed upon the issuing of a writ of *ne exeat,* a plea that the defendant had paid the costs and that the writ had issued upon good cause, is a bar to the suit.

In an action on such a bond, *non damnificatus* is not a good plea.

ERROR to the *Washington* Circuit Court.

Stevens, J.—Debt by *Coombs* against *Newlon* and *Mead* on a penal bond.

The facts are these:—On the 25th of *December,* 1832, *Newlon* and *Mead* applied to a justice of the peace for a writ of *ne exeat* against the said *Coombs;* and in compliance with the statute on that subject filed the bond in question, conditioned as the law directs, that they would pay the costs that should accrue on said writ, &c., and that they would also pay all damages that *Coombs* might be entitled to, in case they had procured the issuing of said writ without cause.

On the penal part of this bond *Coombs* declared, without setting out the condition, or assigning any breaches of the condition. The defendants after craving *oyer* of the bond and condition, and spreading them upon the record, pleaded two

pleas in bar. The first plea,—after setting out the proceedings before the justice of the peace, and showing that the *ne exeat* issued and was served upon *Coombs*, and that he appeared to it before the justice of the peace, &c., and gave the security required, &c.,—avers that they, the said *Newlon* and *Mead*, did pay all the costs that accrued on the said writ of *ne exeat* and proceedings thereon; that they had cause to procure the issuing of said writ; and that it was not issued without cause, &c. Second plea, *non damnificatus*. To each of these pleas the plaintiff demurred; the demurrer to the first plea was sustained; and that to the second plea overruled; and final judgment rendered for the defendants.

The judgment of the Circuit Court must be reversed. The opinion is erroneous as it respects both the pleas.

The first plea is sufficient in substance, and the demurrer to it should have been overruled. The statute requires, that such bonds shall be conditioned for the payment of the costs, &c., and also for the payment of the damages that the defendant may be entitled to in case the writ should issue without cause; and the plea avers that the obligors did pay all the costs that accrued on the writ, and that they had cause to procure the writ to issue, and that it did not issue without cause. Now if that plea is true, the plaintiff has no cause of action. If the obligors had cause to issue the writ of *ne exeat* and have paid the costs, they have complied with the condition of their bond, and also with the requirements of the statute.

The second plea is insufficient, and the demurrer to it should have been sustained. When the condition of a bond is merely to indemnify, the plea of *non damnificatus* may do; but if the condition stipulates for the performance of any particular act, performance of that act must be averred. The condition of this bond specially requires the costs to be paid, &c., and also provides for indemnity (1).

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the filing of the pleas set aside. Cause remanded, &c.

*C. Dewey* and *H. P. Thornton*, for the plaintiff.

*I. Naylor*, for the defendants.

(1) A general mode of pleading is often sufficient, where the allegation on the other side must reduce the matter to certainty. An illustration of this.

Nov. Term,  rule is afforded by the plea of *non damnificatus* in an action of debt on an in-
1835.       demnity bond, or bond conditioned " to keep the plaintiff harmless and indem-
            nified," &c. This is in the nature of a plea of performance; being used where
ALLEN       the defendant means to allege that the plaintiff has been kept harmless and in-
v.          demnified, according to the tenor of the condition; and it is pleaded in general
THE STATE.  terms, without showing the particular manner of the indemnification. Stephen's
            Pl. 359, 360.

*Non damnificatus* is a good plea to an action on a bond conditioned to
indemnify the plaintiff and save him harmless. 1 Chitt. Pl. 569. But it is not
a good plea in any other case. *M'Clure* v. *Erwin*, 3 Cowen, 313, 332. Instead,
however, of the general negative plea of *non damnificatus*, in a suit on a bond
of indemnity, the defendant may plead *affirmatively*, that he had saved harm-
less, &c.; but such a plea must show how the defendant had saved the plaintiff
harmless, or it is bad on special demurrer. 1 Will. Saund. 116, note.

When the defendant, in a proper case, pleads *non damnificatus*, and there is
any damage, the plaintiff must show the damage by his replication. 1 Will.
Saund. 117, note.

The plea of *non damnificatus* is proper in debt on a bond, conditioned to in-
demnify the overseers of the poor against the charges which might be imposed
on them from the maintenance of a bastard child. *Richards* v. *Hodges*, 2 Saund.
83. It is a good plea, too, in a suit on a bond conditioned to indemnify a sheriff
for giving up goods levied on, and returning the execution *nulla bona*. *See* the
plea in such a case, a replication to it specially setting forth the plaintiff's
damage, and a rejoinder taking issue of plaintiff's having sustained damage.
5 Wentw. 528—531.

But it is not a good plea when the bond sued on is given for the payment of
a sum of money by the defendant to a third person, in exoneration of the
plaintiff's liability to pay the same sum. *Holmes et al.* v. *Rhodes*, 1 Bos. & Pull.
638. And in debt on the bond of a deputy sheriff to his principal, for the faith-
ful discharge of his duties and for rendering a true account, &c., *non damnifica-
tus* is not a good plea. *Andrus* v. *Waring*, 20 Johns. Rep. 153. So, in an action
on the bond of a gaoler conditioned for the safe keeping of the prisoners, the de-
fendant cannot plead *non damnificatus*. *M'Clure* v. *Erwin*, 3 Cowen, 313.

If the condition of the bond be to discharge or acquit the plaintiff from a
particular thing, the plea of *non damnificatus* will not apply; but the defend-
ant must plead performance specially, and show the manner of the acquittal
and discharge. But if the condition be to discharge and acquit the plaintiff
*from any damage* by reason of a certain thing, *non damnificatus* may then be
pleaded,—that being the same thing with a condition to indemnify and save
harmless. 1 Will. Saund. 117, *n.*—Stephen's Pl. 362.