PETER C. SEARS

v.

JOHN A. NAGLER.

PLEADING.—Where the condition of a bond is merely to indemnify, the plea of *non damnificatus* is an answer to an alleged breach; but if the condition stipulates for the performance of any particular act, that plea is no answer; performance of that act must be averred.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding. Opinion filed April 28, 1886.

Messrs. FAIRCHILD & BLACKMAN, for appellant.

Mr. R. R. LANDIS, for appellee.

McALLISTER, J. This was debt brought by appellee, Nagler, against appellant, Sears, upon a bond given by the latter in suing out an attachment against the former in justice's court, which suit was taken by appeal to the circuit, and there dismissed for want of prosecution. The declaration avers the making, and sets out the bond, the issuance of the writ, the taking Nagler's goods thereunder, the proceedings, ending in the dismissal of the suit for want of prosecution, the wrongful suing out of said attachment and damages. Sears filed two pleas: (1) *non est factum;* (2) the plea of *non damnificatus.* Also gave notice of set-off upon the common counts.

Upon the respective pleas, the plaintiff took issue.

Upon the issues so framed, the parties waived a jury and went to trial before the court. Plaintiff gave the bond in evidence, the record of dismissal and proof of damages. The court found the issues for plaintiff, his debt to be $150 and damages same amount; upon which judgment passed, and defendant brings the record here by appeal.

The record presents no error of law, and the only ground for reversal is that the judgment was not supported by the

evidence, and that therefore the court erred in overruling defendant's motion for a new trial.

The bond in suit contained the condition prescribed by statute, that the obligor would prosecute his suit with effect, or if he failed that he would pay and satisfy the obligee all such costs in such suit, and such damages as the obligee might sustain by reason of wrongfully suing out the attachment. When the condition of a bond is merely to indemnify, the plea of *non damnificatus* is an answer to an alleged breach; but if the condition stipulates for the performance of any particular act, that plea is no answer; performance of that act must be averred. Coombs v. Newlon, 4 Blackf. 120; Andrews v. Waring, 20 Johns. 153. The condition of the bond sued on was not one merely to indemnify and save harmless, it was for the performance of particular acts. The plea was not good in substance and admits the condition has been broken as alleged in the declaration. In McClure v. Erwin, 3 Cow. 332, this very question was involved. The court said: " But the material inquiry is, whether the plea and rejoinder are good in substance. The plea is substantially one of *non damnificatus*. This is a good plea in all cases where the condition is to *indemnify and save harmless*, because it answers the condition in terms. But it is good in that case only. 1 Saund. 117, n. 1; Codner v. Dalby, Cro. Jac. 363; Horseman v. Obbins, Id. 631; Hulland v. Malken, 2 Wils. 126; Manser's Case, 2 Rep. 4; Woods v. Rowan, 5 Johns. 42; Andrews v. Waring, 20 Johns. 153. The plea should go to the right of action, not to the question of damages. The plaintiff, so far as it depends upon the pleadings, shows his right to recover by setting forth the bond with its condition, and alleging a breach of that condition either general or special, as the case may require. If the defendant by his plea admits that the condition has been broken, he concedes the plaintiff's right to recover, and by not denying the breach assigned, but instead of doing this, interposing the general plea of *non damnificatus*, he, in effect, admits the breach."

As the pleadings in the case at bar stood, when the case was tried, the plaintiff, upon the introduction of the bond in evi-

dence, to fulfill the requirements of the plea of *non est factum*, had established his cause of action, because a breach of the bond had been admitted by the manner of pleading as above stated. The only matter, therefore, to be investigated and determined upon the trial, was the extent of plaintiff's damages. We have carefully read all the evidence and are of opinion it fully sustains and justifies the amount found by the trial court. The judgment should be affirmed.

Affirmed.