486    APPELLATE COURTS OF ILLINOIS.

VOL. 99.] Fidelity & Deposit Co. v. West Chicago St. Ry. Co.

---

### Fidelity & Deposit Co. and Moses Salomon v. West Chicago St. Ry. Co.

1. APPELLATE COURT PRACTICE—*Where the Court is Confined to the Consideration of Alleged Errors in the Common Law Record.*—In an appeal where the bill of exceptions does not purport to show anything that occurred on the hearing of the cause, or contain any evidence, or refer to any of the proceedings in the trial court anterior to the judgment, the Appellate Court is limited to the consideration of alleged errors in the record proper, anterior to the rendition of the judgment.

2. WAIVER—*Of Demurrers.*—Where a demurrer to the declaration is overruled and the defendant pleads issuably, such pleading operates in law as a waiver of the demurrer.

3. PLEADING—*Where the Plea of Non Damnificatus is and Where it is Not an Answer to the Declaration.*—In an action on a bond, when the condition of the bond is merely to indemnify, the plea of *non damnificatus* is an answer to an alleged breach; but if the condition stipulates for the performance of any particular act, such a plea is not an answer; the performance must be averred.

Debt, on a penal bond. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed January 16, 1902.

LEON HORNSTEIN, attorney for appellants.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellee; W. W. GURLEY, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

This was an appeal from a judgment in an action of debt on a penal bond against appellants, the Fidelity & Deposit Company, of Maryland, and Moses Salomon. The damages were assessed at the sum of $547. The judgment was rendered January 17, 1901, at the January term of the trial court, and January 26, 1901, at the same term, the appeal was prayed and allowed. The bill of exceptions does not purport to show anything that occurred on the hearing of the cause, nor does it contain any evidence, or refer to any of the proceedings in court anterior to the judgment. We are, therefore, limited to the consideration of alleged errors in the record proper, anterior to the judgment. The only such errors assigned are as follows:

1. The court erred in overruling the demurrer to the plaintiff's declaration.

2. The court erred in sustaining the demurrers to the defendants' third and fourth pleas.

After overruling the demurrers of appellants to the declaration, they pleaded issuably to the declaration. This operated, in law, as a waiver of the demurrers. The fourth plea of each of the appellants was the same. Appellee demurred to the pleas, but subsequently withdrew its demurrer and took issue on the pleas. The third plea was *non damnificatus*. The demurrer to this plea was properly sustained. It is recited, in the condition of the bond sued on, that Moses Salomon and others named, assumed and undertook the defense of certain garnishment and attachment suits in the place of appellee, and to pay all costs and expenses of defending such suits, and all judgments which might be rendered against appellee in the suits, etc., and the declaration avers breaches of these conditions.

"When the condition of a bond is merely to indemnify, the plea of *non damnificatus* is an answer to an alleged

breach; but if the condition stipulates for the performance of any particular act, that plea is no answer; performance must be averred." Sears v. Nagler, 18 Ill. App. 547, and cases cited; Terre Haute, etc., R. R. Co., v. Peoria Ry. Co., 81 Ib. 435, 444; 1 Chitty on Pleading, 1 Am. Ed. 426.

Counsel for appellants devotes his argument mainly to the contention that the court erred in overruling a motion of appellants to vacate the judgment. Notwithstanding the question whether the court so erred is not properly before us for decision, we have carefully read the argument of that question for the appellants, and were the question properly before us, we would feel constrained to hold that there was no error in the ruling of the court.

The judgment will be affirmed.