RUTLAND,
February,
1831.

THE TOWN OF MIDDLETOWN, appellees, vs THE TOWN OF PAWLET, appellants.

On the trial of an appeal from an order of removal of a pauper, a plea, that the pauper was seized and possessed of a messuage and lands and tenements in his own right, is not sufficient, without adding, that he had a freehold estate therein.

This case came up from the county court on exceptions to the decision there made, and was submitted to this Court without argument ; and the facts, presented in the pleadings, sufficiently appear in the following opinion of the Court, pronounced by

THOMPSON, J:—We learn from the copies of the pleadings,&c., delivered to the Court, that the town of *Middletown* procured an order of removal, and an actual removal, of one Miner Branch and his family, from said *Middletown* to *Pawlet* ; and gave the notice which the statute requires. From this order, an appeal was taken to the county court, by said town of *Pawlet* ; and there duly entered for trial. The appellants, in presenting their defence, filed two pleas : first, That said pauper and his family were not,

RUTLAND,
February,
1831.

Middletown
vs.
Paulet.

nor were any of them, likely to become chargeable to said town of *Middletown*, at the time of making said order of removal. Secondly, that said pauper, at the time of said order of removal, was well seized and possessed, in his own right, of a certain messuage and lands and tenements, situate, lying and being, in *Middletown* aforesaid, on which he then resided with his said family. Both pleas concluded with a verification. The said town of *Middletown* replied to both these pleas, in one replication, that the said pauper and his family, at the time of making the order of removal, were likely to become chargeable to the town of *Middletown*; which they pray may be enquired of by the country. To this replication, the appellants demurred specially, setting down, among other causes, that said replication does not confess nor deny, nor otherwise answer, the matters and things, set forth by the appellants in their second plea in this behalf.

On reading these pleadings it is obvious that the replication, professing to answer both pleas, entirely fails to answer the second plea. The only question, therefore, is, whether that plea contained sufficient matter to require any answer.

The appellants, in support of their second plea, rely upon the case of *Londonderry vs. Acton*, which was decided in Windsor county, at the February term of this Court, 1830.* In that case, the pauper was seized of land in fee, having the absolute title, though the value was not great. From this he had been removed to Acton; and this Court decided that he was unduly removed, upon the principle that he could not be removed from his freehold estate. In the present case, the plea alleges that he was seized and possessed of land, &c., in his own right. The term seized is technically applicable to a freehold estate; but it can only be so by intendment, as it is often used to import a chattel interest only. A tenant for life can no more be said to be seized in his own right, than a tenant for years; for both are seized in the lessor's right. A person may be said to be seized of land, or possessed of goods and chattels. And, in some states, a man is deemed to be seized of land, for some purpose, when he is in by disseizin, and has no title but a naked possession. It is necessary that the plea should contain such direct averments, as will require no technical presumption to make them amount to a description of a freehold. We consider the second plea bad, and the replication is a sufficient answer to it; and the judgement of the county court, which was, that the replication was insufficient,

* See 3 Vt. Reports, 122.

Rutland,
February,
1831.
must be reversed.   But the appellants may amend their pleadings on terms.   This they choose, and time is given for that purpose.

Middletown
vs.
Pawlet.
*Bates & Clark*, for appellees.

*Royce & Hodges*, for appellants.