HAM, Plaintiff in Error, v. HILL, *et al.*, Defendants in Error.

1. A. and B. were partners. A., transferring his interest to B. and retiring from the firm, took from the latter a bond of which the following is the condition: "Whereas the said B. having purchased the interest of the said A. in the firm of 'A & B.' in the carriage business in the city of B., Mo., and has agreed with the said A. to assume all partnership liabilities of said firm incurred between April 1, 1858, and July 1, 1858, and to pay the same whenever payment is demanded legally by the creditors of said firm; now if the said B. shall observe and keep said agreement and pay said debts in manner and form above prescribed, then this bond to be void, otherwise to remain in full force and virtue." *Held*, that this was not merely a bond of indemnity to A.; that the obligation thereby created was not contingent upon A.'s being compelled to pay, or his actually paying, to the creditors of the firm the debts embraced within the bond; that a right of action on the bond accrued to A. so soon as B. failed to pay those debts on demand of the creditors.

2. The measure of damages in such case, it seems, would be the amount of the debts provided for in the bond; upon a proper showing, however, the court might give judgment in such form as would make the defendant safe in paying the judgment.

*Error to Cooper Circuit Court.*

The following is the entire bond sued upon: "Know all men by these presents, that we, John H. Hill, as principal, and William B. Short and George Stucker, as securities, are held and firmly bound unto James R. Ham in the just and full sum of fifteen hundred dollars, for the just and full payment whereof we bind ourselves, our heirs, administrators

and assigns firmly by these presents. Upon condition, however, that, whereas, said John H. Hill having purchased the interest of the said James R. Ham, in the firm of Ham & Hill, in the carriage business, in the city of Boonville, Missouri, and has agreed with the said Ham to assume all partnership liabilities of the said firm incurred between the first day of April, 1858, and the first day of July, 1858, and to pay the same whenever payment is demanded legally by the creditors of said firm; now if the said Hill shall observe said agreement and pay said debts in manner and form above prescribed, then this bond to be void, otherwise to remain in full force and virtue. Witness our hands and seals this 5th day of July, 1858. [Signed] John H. Hill (seal), Wm. B. Short (seal), George Stucker (seal.)"

The debts with respect to which defendant was alleged to be in default amounted, as set forth in the petition, to $495.67 and interest. Plaintiff claims damages to the amount of six hundred dollars.

*Stephens & Vest*, for plaintiff in error.

I. The bond sued is not a bond of indemnity. It is a bond to do a specific thing, that is, to pay certain debts of the firm of Ham & Hill. The failure of defendant to pay these debts, when payment thereof was legally demanded, was a breach of the bond, and entitled plaintiff to his action. (See 5 Johns. 42; 20 Johns. 161; 3 Cow. 332; 16 Pick. 241; 26 Verm. 61.)

II. The plaintiff can recover not only nominal damages but the full amount of the debts which defendant failed to pay. (See Sedgwick on Dam. 321; Post v. Jackson, 17 Johns. 238; Thomas v. Allen, 1 Hill, 145; 17 Johns. 479; 7 Wend. 499; 7 B. Monroe, 307; 3 Bibb, 197; 7 Dana, 170; 15 Wend. 503; 9 Mees. & W. 656; 8 Mod. 33; 7 T. R. 97.)

*Douglass & Hayden*, for defendants in error.

I. The bond sued on was a bond of indemnity. It was given to protect the obligee against the payment of the part-

Ham v. Hill.

nership debts. It was for the benefit and protection of the plaintiff alone. It did not affect the liability of either partner to the creditors of the firm. It did not release plaintiff from existing liabilities, nor, so far as creditors are concerned, did it add to the obligation of Hill to pay them. The true sense and meaning of the bond was to save plaintiff harmless. (See Hardcastle v. Hickman, 26 Mo. 475.) The petition states that Hill has refused to pay. Why has he refused? It may be that the notes were fraudulently obtained or there was a failure of consideration, or that he had a set-off. If he has such a defence, shall he not have an opportunity to establish it? If plaintiff recovers, he may appropriate the money to his own purposes, and leave the partnership debts unpaid. If he be insolvent, the creditors can not coerce the money from him. Defendant may be compelled to pay the debts twice. A recovery by plaintiff would impair defendant's ability to pay the creditors.

II. The bond is a penal bond, but the penalty is not the measure of damages. The obligee can recover only such damages as he has actually sustained—actual compensation for positive loss. (Sedgw. on Dam. —.) The only way in which plaintiff can show that he has sustained loss is by showing that he has been compelled to pay the debts provided for in the bond, or a portion of them. The measure of damages will be the amount so paid. There is no cause of action. There is no averment of payment, and he must pay to recover. The demurrer was properly sustained. (10 Mo. 19; 17 Mo. 41; 15 Mo. 421.)

EWING, Judge, delivered the opinion of the court.

This was an action on a bond executed by the defendant Hill to the plaintiff—who had been copartners in the carriage business—containing the following condition : " That whereas the said John H. Hill having purchased the interest of the said James R. Ham, in the firm of Ham & Hill, in the carriage business, in the city of Boonville, Missouri, and has agreed with the said Ham to assume all partnership liabili-

ties of the said firm incurred between the 1st day of April, 1858, and the 1st day of July, 1858, and to pay the same whenever payment is demanded legally by the creditors of said firm : Now if the said Hill shall observe and keep said agreement and pay said debts in manner and form above prescribed, then this bond to be void, otherwise to remain in full force." The petition alleges, as breaches of said bond, the failure of the defendant to pay certain debts of the firm, which are particularly specified in the petition, accruing within the period mentioned in the bond, payment of which had been legally demanded ; and that suit had been brought against the plaintiff by the creditors of the firm to recover said debts. There was a demurrer to the petition, which being sustained, the cause is brought to this court by writ of error.

The question for our consideration is whether a right of action accrued on the bond upon the failure of the defendant to pay the debts it provides for according to its stipulation ; or is it a bond of indemnity merely ? We think it is clearly to be collected from the terms of the instrument in suit that it was not the intention merely to secure the plaintiff against actual loss or damage, or that it created an obligation which was contingent upon the payment by the plaintiff of the debts it provides for. It is a bond with an affirmative covenant to do a certain thing ; the defendant thereby bound himself to take the place individually of the firm, and discharge debts for which it was liable, and which, as it respects the parties themselves, became by the bond the individual debts of the defendant. Although the legal liability of the firm to its creditors is not changed by the instrument, yet, as to these firm debts, it creates the relation of creditor and debtor between the plaintiff and defendant, and the assumpsit by the defendant is equivalent to a direct promise to pay money to the plaintiff. In promising to pay debts for which as a firm they were jointly liable, the defendant thereby incurred an obligation which was violated, and for which a right of action accrued to the plaintiff when he failed to pay them

on demand of the creditors.   If A. for a sufficient consideration enter into a covenant with B. to pay the creditor of B. a given, sum at a specified time or when it should be legally demanded, there could be no doubt of the meaning and legal effect of such an instrument, and that the default of A. to pay at the time agreed upon would give B. an immediate right of action, without waiting until he had made payment of the debt.   The case before us and the one supposed are not distinguishable.   In the former, the obligor assumes, for the consideration therein expressed, all the partnership debts accruing within a given period, and expressly agrees to pay them whenever payment is legally demanded.

The distinction between bonds of indemnity and covenants to perform a particular act, is well illustrated by the authorities cited by counsel for the plaintiff, and fully sustain our view of the nature and effect of the covenant in this case. In the case of Holme v. Rhodes, 1 Bos. & Pul. 640, the suit was on a bond with a condition that the obligor, who was principal on an obligation to pay money to a third person in which the obligee was surety, should pay the debt by a certain time and thereby acquit the obligee; the defendant pleaded *non damnificatus*.   This plea was held to be no answer to that part of the condition by which the defendant undertook to pay the sum for which the obligee was bound. In a note to Cutter v. Southern, 1 Saund. 117, Sergeant Williams states the rule to be, that in all cases of conditions to indemnify and save harmless, the proper plea is *non damnificatus*.   This plea, however, can not be pleaded, where the condition is to discharge or acquit the plaintiff, for there the defendant must set forth the special manner of performance. But it is otherwise where the condition is to *acquit* plaintiff from any damage by reason of such bond or other particular thing, for that is in truth the same thing as with a condition to indemnify and save harmless.   Loosemore v. Radford, 9 M. & W. 656, is an instance of the application of the principle in a suit by a surety against the principal on his cove-

nant to pay the amount for which they were jointly liable on a given day, in which it was held that the right of action accrued on default of paying at the specified time and for the full amount. Post v. Jackson, 17 John. 238, which was affirmed on error (ib. 480) sustains the view we have taken of the instrument sued on, both as it respects plaintiff's right of action upon it before payment of the debts, and also as to the rule of damages he contends for. In that case the plaintiff was a lessee of certain premises and had covenanted to pay the rent ; he assigned to the defendant, who covenanted with the plaintiff that he (defendant) would perform the plaintiff's covenants in the original lease to him. The averment was that rent of a given amount was in arrear and due and unpaid to the original lessee. The covenant was held not to be a mere covenant of indemnity. The Chancellor drew a distinction between an undertaking to acquit and discharge *from any damage* by reason of the bond and a covenant to do an act in discharge of the plaintiff from such bond or covenant, and remarks that it would be a perversion of the plain sense and language of the covenant in that case to turn it into a mere covenant to indemnify.

In Thomas v. Allen, 1 Hill, 146, the principle of Post v. Jackson is recognized and applied to a case where a bond was given conditioned to pay plaintiff a sum of money by satisfying a bond and mortgage executed between three persons, and to save the plaintiff harmless. The breach assigned was that the sum agreed to be paid was due and payable on a specified day on the bond and mortgage, and that the defendant had not paid or satisfied the same. On a demurrer that this was a bond of indemnity and that the breach did not show the plaintiff to have been damnified, it was held that the instrument was more than a bond of indemnity and that the breach was well assigned by showing that the debt was not paid at the day. In the matter of Negus, 7 Wend. 503, there was a covenant among others by one partner to another to pay the debts of the firm, and also to indemnify

the obligee.   In answer to the objection that it was simply a
bond of indemnity and that therefore the obligee must have
shown that he had been damnified by the payment of debts
which the obligor assumed to pay, the court observes that,
although a covenant to indemnify followed the covenant to
pay the debt, it did not alter the force and effect of the pro-
ceeding ; that the covenant to pay the debts was an affirma-
tive covenant to do a certain thing—to pay certain sums of
money, and that it was no defence to the action to say the
plaintiff had not been damnified.   If the condition of the
bond stipulates for the performance of any particular act,
performance of that act must be averred, and in an action
on such a bond *non damnificatus* is not a good plea.
(Combs v. Newton, 4 Black. 121 ; 20 John. 161 ; see also
Woods v. Rowan & Coon, 5 Johns. 43 ; 3 Cowen, 332.)

As to the measure of damages in this case, if the plaintiff
is entitled to recover, we see no reason why he should not
recover the sum due by the bond.   Of course, if the bond
has been paid in part, or otherwise satisfied, the defendant
will be entitled to the benefit of such payment or satisfac-
tion.   The presumption is that the plaintiff gave full con-
sideration for the bond, and if it is not discharged the defen-
dant should pay the amount of it.   The defendant being a
copartner and liable to partnership creditors, notwithstand-
ing his bond to the plaintiff, if the situation of the plaintiff
is such or if there are any circumstances that would make it
just to do so, the court, on the trial, would, in rendering
judgment, see that the defendant was made safe in paying
the judgment; or it might be a ground for an injunction
and relief in equity.

The judgment will be reversed and the cause remanded ;
the other judges concurring.