## J. C. GILLEN V. F. J. PETERS.

1. PARTNERSHIP — *Dissolution* — *Contract by One Partner to Pay Firm Debts* — *Action for Breach*. Where P. and G. are partners, and G. retires from the firm and receives from P. a written contract by which P. agrees to pay certain debts owing by the firm, which agreement is broken, *held*, that a right of action on the agreement accrues to G. as soon as P. fails to pay the indebtedness, although G. has paid no part of such indebtedness and has sustained no damage by reason of P.'s failure.

2. DAMAGES, *Measure of*. The measure of damages in such a case would be the amount of the debt provided for in the contract.

3. ORIGINAL CREDITOR, *Proper Party*. In such an action it is proper, on the application of the defendant, to have the original creditor made a party to the action, or that the money so received be ordered paid on such original indebtedness of the firm.

*Error from Decatur District Court.*

ACTION by *Gillen* against *Peters* to recover damages for the breach of a contract to pay the debts of a certain partnership. The petition (court and title omitted) is as follows:

"1. Said F. J. Peters, and J. C. Gillen, the plaintiff herein, on or about the 1st day of August, 1886, purchased a herd of horses, to wit, 67 head, together, each owning an undivided one-half interest, and on or about the 3d day of November, 1886, plaintiff and defendant purchased of the Chicago Lumber Company a bill of lumber, amounting in the aggregate to $338.15, which lumber purchased as aforesaid, plaintiff and defendant obligated themselves to pay said lumber company upon demand. Plaintiff further alleges that on the 20th day of November, 1886, he sold to defendant his undivided half-interest in the herd of horses, and at the same time, for a valuable consideration, defendant assumed the payment of said lumber bill, and did thereby obligate himself to plaintiff to pay said lumber company all of said indebtedness, which plaintiff and defendant were jointly and severally bound to pay as aforesaid. A copy of said agreement is hereto attached, marked 'Exhibit A,' and made a part of this petition.

"2. Plaintiff further alleges that defendant has wholly neglected and omitted to pay said indebtedness or any part thereof, and by reason of such neglect and refusal to pay as

agreed upon, plaintiff has been sued by the Chicago Lumber Company; that said claim is now due and unpaid. Wherefore, plaintiff asks judgment against the defendant in the sum of three hundred and forty-two and $\frac{85}{100}$ dollars, with interest at seven per cent. from the 20th day of November, 1886, and costs of this suit."

"EXHIBIT A.

"OBERLIN, KAS., Dec. 1, 1886.—This is to certify, that in consideration of the sale of horses to me, F. J. Peters, I am to pay all bills for labor, lumber, and in fact everything pertaining to the debts of the firm, except one note to E. E. Stewart for $192, that is to be paid by the firm equally, half and half; Gillen to pay Litton & Decker for their work up to the day of the sale; I pay all their bills.      F. J. PETERS."

At the beginning of his action the plaintiff duly procured an attachment to be issued and levied upon thirty head of horses, the property of the defendant. Afterward the defendant filed his motion to dissolve the attachment, for the reason that the plaintiff's petition did not state a cause of action. On February 18, 1887, the court at chambers heard and sustained this motion, dissolved the attachment, and rendered judgment for costs against the plaintiff. He brings the case to this court.

*Wilson, Decker & Addleman,* for plaintiff in error.

*Parker & McBride,* and *S. W. McElroy,* for defendant in error.

Opinion by CLOGSTON, C.: The contract here sued on is not merely one to indemnify and save the plaintiff harmless, but it is an unconditional agreement to pay the debts of the partnership. If it was to indemnify the plaintiff only, then no action could be maintained thereon until the plaintiff had first paid the debts, or in some manner sustained damage by their non-payment by the defendant; but where there is an affirmative contract to do or to perform a certain act, or pay a certain sum of money, or a certain indebtedness, an action may be maintained although the plaintiff has performed no act, or paid no part of the indebtedness, or has sustained no actual damage; and the measure of his recovery is the value of the act to be done or the payment to be made. (*Lathrop v. Atwood,* 21 Conn. 116; *Stout v. Folger,* 34 Iowa, 71; *Bacon v.*

*Marshall*, 37 id. 581.; *Crofoot v. Moore*, 4 Vt. 202; *Gage v. Lewis*, 68 Ill. 604; *Smith v. Riddell*, 87 id. 165.)   This may seem to be a hardship in some instances, but when carefully examined it will be seen that the hardship, if any, falls upon him who fails to perform his contract, and by such neglect or refusal to perform or discharge the indebtedness the liability is incurred.   Then can he be heard to urge as an excuse the hardship that may attach to such a recovery?   By his agreement he has made the doing of the act or the payment of the account his own act or debt, and the plaintiff being primarily liable for the debt may recover the amount of it; and it is no defense for the defendant to say, "You are not damaged although I have violated my agreement," or to add, "If I am liable, it is only for nominal damages."

Where courts of law and equity are separated, serious inconvenience and trouble may result from a recovery for the actual amount of a debt; but in states like ours, where the courts have the power to make such orders and decrees as will protect the defendant in the payment, such as ordering the money to be paid in extinguishment of the original indebtedness, or that the original debtor be made a party to the proceedings, or the like, no serious hardship or injustice will be done. ( *Ham v. Hill*, 29 Mo. 275; *Wilson v. Stilwell*, 9 Ohio St. 467; *Jackson v. Turrell*, 39 N. J. L. 329; *Stambaugh v. Smith*, 23 Ohio St. 584.)

The plaintiff's petition therefore stated a cause of action, and the court erred in sustaining the motion to dissolve the attachment.

It is therefore recommended that the cause be remanded, with the order that the motion of the defendant to dissolve the attachment be overruled, and the cause proceeded with.

By the Court: It is so ordered.

All the Justices concurring.