CHARLES R. HICKS, Respondent, v. JOHN J. HOOS
et al., Appellants.

Kansas City Court of Appeals, February 2, 1891.*

44   571
59   316

44   571
63    82

44   571
84   811

44   571
87   236

44   571
99  ⁴622

1.  Appeals : WHEN PERFECTED : FILING TRANSCRIPT.' An appeal is
    not perfected in the sense of its becoming obligatory on appellant to
    file his transcript in the appellate court, until after the filing and
    signing of the bill of exceptions, even though the appeal be
    granted more than thirty days before the coming term of the
    appellate court.

2.  ———: BILL OF EXCEPTIONS : STENOGRAPHER'S STATUTE.  Under
    section 3287,. Revised Statutes, 1889, the stenographers should
    furnish and file in the office of the clerk duplicate certified copies
    of the bill of exceptions.   One copy shall be inserted by the clerk
    in his certified transcript of the record for the appellate court,
    and the clerk should besides certify that the inserted certified
    copy of the bill is one of the duplicate copies filed by the steno-
    grapher in his office.  And, where there is no stenographer's certifi-
    cate authenticating the bill, there is no bill.  ( State ex rel.
    Harber v. Wear, 101 Mo. 414, distinguished.)

3.  ———: ———: RECORD ENTRIES : ABSTRACTS SERVED AND FILED :
    STATUTE.  Though there be no bill of exceptions certified by the
    stenographer, yet, if the clerk has certified the record entries and
    the parties have served and filed abstracts, the cause will be fully
    before the appellate court, under section 2253, Revised Statutes,
    1889.

4.  Contracts :  BOND WITH AFFIRMATIVE COVENANT : DAMAGE :
    DEFENSE.  Where a bond is not one to indemnify against dam-
    age, but an affirmative covenant to do a specific thing, liability
    must be adjudged, notwithstanding no loss results from the non-
    performance ; and no damage is not a good plea.

ON MOTION FOR REHEARING.

SMITH, P. J., holds : —

(1) That on the pleadings plaintiff has put his action in class
    of covenants simply to indemnify, and can only recover such
    amount as he is able to show he has been damaged by the
    non-performance.

* This case did not reach the reporter until July 13, 1891.

(2) If the covenant be to do a specific thing and judgment should go accordingly, yet the circumstances in this case make it just, that the court, in rendering judgment, see that the defendant was made safe in paying the judgment, that he might not have to pay twice the debt for which the bond was intended to operate as a security.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*I. J. Ringolsky* and *Karnes, Holmes & Krauthoff*, for appellants.

(1) The demurrer to the evidence ought to have been sustained. The condition of the bond was that the $6,000 loaned on the property should all be used in the erection of "four dwelling-house buildings," so that the actual cost of the construction of said buildings should be $6,000. A breach of this condition was alleged. The only evidence offered by plaintiff was that such houses could be built for a less sum. This did not establish that $6,000 had not been used in their erection, or that their actual cost was not that sum. (2) The defendant offered to show by plaintiff and also his partner, that no actual damage had been sustained, even if the whole of the $6,000 had not been used in the four buildings. This was excluded by the court, and which was manifest error. (3) There was no claim for actual damages. It was not pretended but the houses as built, together with the land, were not full security for the $6,000 loaned. The defendant asked the court to declare the law to be : " If you find for the plaintiff your verdict must be for nominal damages only." This ought to have been given. *Wagner v. Dette*, 2 Mo. App. 254 ; *State ex rel. v. Dunn*, 60 Mo. 64 ; *State to use v. Rayburn*, 22 Mo. App. 323 ; *Metzner v. Graham*, 66 Mo. 653 ; *Hays v. Delzell*, 21 Mo. App. 679. Even where the obligation provides that the party

violating it shall pay to the other a certain sum as liquidated damages no liability will attach to the party in default unless actual damages be shown. *Hathaway v. Lynn,* 43 N. W. Rep. 956. Upon breach of an undertaking of indemnity any recovery beyond nominal damages is dependent upon proof of actual loss and is restricted to it. 2 Sutherland on Dam., p. 265. (4) On the measure of damages the court instructed the jury as follows : "You should fix the amount at the difference between what the construction of said four buildings actually cost in good faith, as shown by the evidence, and the sum it was agreed should be expended in good faith in their actual construction as shown by the evidence." On such an instruction there was a verdict for the plaintiff for $1,000. And should this $1,000 be collected by the plaintiff on this bond, still the whole amount of the notes can then be collected from the defendant. *Vanuxem v. Burr,* 24 N. E. Rep. 773. There can be no question in this case as to the pleadings ; even, if no answer had been filed, still on a default an inquiry would be necessary, and on that the plaintiff would be required to establish his actual damages. *Field v. Barr,* 27 Mo. 416 ; *McCord v. Railroad,* 21 Mo. App. 92, 95 ; *Wood v. Steamboat,* 19 Mo. 529 ; *Dunn v. Railroad,* 21 Mo. App. 205.

*Wm. C. Forsee,* for respondent.

( 1 ) Respondent's motion to affirm the judgment should be sustained. Appellants had ample time to get their transcript here for the March term. Under rule 21 and *Lincoln v. Milstead,* 38 Mo. App. 350, the motion was seasonable. *Redway v. Chapman,* 48 Mo. 218 ; *Mfg. Co. v. Baker,* 33 Mo. App. 239 ; *Boggs v. Ins. Co.,* 31 Mo. 501 ; *State ex rel. v. Ashbrook,* 38 Mo. App. 278 ; *Meier v. Lowry,* 28 Mo. App. 612 ; *Lewis v.*

*Railroad,* 28 Mo. App. 101; *Williams v. Kortsendorfer,* 47 Mo. 72; *Caldwell v. Hawkins,* 46 Mo. 263; *Byrne v. Rodney,* 1 Mo. 742; *McCaffrey v. Railroad,* 31 Mo. App. 340; *Barnes v. Winn,* 31 Mo. App. 483; *Smith v. Merrill,* 26 Mo. App. 65; *Babb v. Railroad,* 32 Mo. App. 256; *Ellis v. Wyatt,* 10 Mo. App. 580. (2) There is no authenticated bill of exceptions. The so-called bill is without authentication or certification. Is it the original bill, if one was filed, or a copy? Is it a true copy? It is not indorsed "filed." There is no certificate under the act of May 11, 1889. *Campbell v. Railroad,* 78 Mo. 639; *Johnson v. Hodges,* 65 Mo. 589; *Limerick v. Quinn,* Kans. Supt. Ct. Mans. Op. Nov. 11, 1890; *Limerick v. Haun,* Kans. Sup. Ct. Mans. Op. Nov. 11, 1890; *Barnaby v. State,* 106 Ind. 539; *Vaughn v. Railroad,* 34 Mo. App. 143. (3) Appellants did not stand upon their demurrer. *Weber v. Railroad,* 100 Mo. 194; *Shaw v. Bryan,* 39 Mo. App. 523, 524. Every reasonable inference will be made in support of the evidence. *Twohey v. Fruin,* 96 Mo. 104; *Burbridge v. Railroad,* 36 Mo. App. 669. (4) The court erred in the trial of said cause in excluding competent and proper evidence offered by defendants. This does not designate with reasonable certainty the evidence excluded. It points to nothing. *Edwards v. State,* 34 Ark. 720; *Parks v. Hill,* 45 Ind. 172; *McGee v. Robins,* 58 Ind. 463; *Drey v. Doyle,* 99 Mo. 471. There was a claim for actual damages. The notes were worth less by $2,000 than they would have been but for the act complained of. (5) The instruction correctly measured the damages. All damages that had directly resulted, or might reasonably be expected to result, were recoverable. 1 Sutherland on Dam., pp. 193, 194, 195, 196, 197, 198, note 1; *Wright v. Sanderson,* 20 Mo. App. 534, 539, 540, 541; *Haysler v. Owens,* 61 Mo. 270, 274; *Miller v. Wilson,* 24 Pa. St. 114. BLACK, C. J.; *Howell v. Young,* 5 Barn. & C. 259; *Willock v. Hoppock,* 6 Wall. (U. S.) 94; *Gilbert v. Winan,* 1 N. Y.

552; *Lewis v. Ins. Co.*, 61 Mo. 534 ; *Taylor v. Bradley*, 39 N. Y. 129 ; *Ice Co. v. Steamer*, 44 Mich. 229 ; *Richardson v. Northrup*, 66 Barb. 85 ; *Smith v. Railroad*, 38 Iowa, 518. (6) This is not a covenant to hold harmless. It is an affirmative covenant to use the money in a specified way. The legal consequences of the two classes of covenants are essentially different. In the latter, recovery is permitted without proof of actual damages. *Gilbert v. Winan*, 1 N. Y. 552 ; *Bldg. Co. v. True*, 79 Mo. 193 ; *Ham v. Hill*, 29 Mo. 275, and cases therein cited ; *Willock v. Hoppock*, 6 Wall. 94 ; *Ramsey v. Lynch*, 61 Mo. 560. (7) If it be said that it would be hard to permit plaintiff to recover on the bond and yet hold the notes, the answer is that defendants might have set up their equity by appropriate pleading. They may yet assert such equity by independent proceeding. Courts do not, unasked, enforce unpleaded equities. *Wilson v. Stilwell*, 9 Ohio St. 457, 467 ; *Martin v. Ins. Co.*, 38 N. J. L. 140 ; *Ham v. Hill*, 29 Mo. 275.

*I. J. Ringolsky, Karnes, Holmes & Krauthoff*, for appellants, in reply.

(1.) The respondent does not rest his case upon the allegation that the matter appearing in this transcript as a bill of exceptions is false, nor is he content to submit his case upon the allegation that the paper is not properly certified. On the contrary he argues a very large number of questions which appear in the case only because the pages in question constitute a bill of exceptions. If these pages are improperly here the objection ought to have been made by motion to strike out. Having failed to make such motion and having prepared a brief submitting the case upon questions which are disclosed by this bill of exceptions, the respondent's objections on the score of a certificate stand waived. " It is too late, after both parties have treated the transcript as a record,

to raise the point that it is not properly certified. *Baile v. Ins. Co.*, 73 Mo. 371, 388; *Bridge Co. v. Railroad*, 72 Mo. 664, 668.

ELLISON, J.—This action is on a bond in the sum of $5,000, with the following condition : "The condition of the [above obligation is such that, whereas the above-bounded John J. Hoos is indebted to said Charles R. Hicks in the sum of $6,000, borrowed money, and has executed notes evidencing said indebtedness, secured by deeds of trust of even date herewith and duly recorded. Now, if the said John J. Hoos shall well and truly keep each and every part of the promises on his part hereinafter made, then this obligation to be void ; otherwise of full force and effect. It is agreed that the sum of money last above named shall be used in the erection of four dwelling-house buildings on lots 32 and 71, Carlton Place in Kansas City, Missouri, so that the actual cost of the construction of said buildings shall be $6,000. And it is further agreed that the said buildings shall be completed on or before the fifteenth day of September, 1888, and, when completed, shall be wholly paid for by said John J. Hoos, leaving no lien of any sort against it or the land on which it shall stand, or any claim for labor or material or otherwise that might be made a lien against the buildings or land prior or superior to the lien of the deeds of trust mentioned in this bond." The answer was a general denial verified by affidavit. There was a judgment for the penalty in the bond, and an assessment of damages at $1,000, for which latter sum plaintiff was to have execution. Defendants appeal to this court.

I. We are asked to dismiss defendants' appeal for the alleged reason that no transcript was filed in this court at least fifteen days before the March term. The facts are that the cause was tried at the April, 1889, term of the Jackson county circuit court. The motion

for a new trial was duly filed and continued to the October term following. At the October term, on December 9, this motion was overruled. On January 11, 1890, during the October term, an order was made allowing defendants till March 1 following, to file their bill of exceptions. This time was afterwards, on February 28, extended by the court to March 14. These orders and proceedings were authorized by section 2168, Revised Statutes, 1889. This being true, it must reasonably follow that it was not incumbent on the appellant to file the transcript in this court until the term following the filing of the bill of exceptions. And this is true notwithstanding the appeal was granted more than thirty days prior to the March term. *Shaw v. Shaw*, 86 Mo. 594; *Truesdail v. Sanderson*, 30 Mo. 113; *Carter v. Prior*, 78 Mo. 222; *State v. Dodson*, 72 Mo. 283. The appeal was not perfected in the sense of becoming obligatory on appellant, to file his transcript until after the signing and filing of the bill of exceptions.

II. The further preliminary objection is made that the bill of exceptions is not properly authenticated under section 3287, Revised Statutes, 1889, which is applicable to causes appealed from the circuit court of Jackson county. The bill here (if it may be so called) purports to be a copy of the proceeding at the trial. It is headed with the following preamble: "Be it remembered that on the trial of this cause the following proceedings were had." It appears to be signed at the bottom by the trial judge. The only certificate to the entire transcript including this bill is the following: "I, H. H. Noland, clerk of the circuit court within and for the county and state aforesaid, do hereby certify that the above and foregoing is a true, full and complete copy of the petition, amended answer and record entries in the cause wherein Charles R. Hicks is plaintiff and John J. Hoos *et al.* are defendants as the same remains of record and on file in my office. In testimony," etc. As we

VOL. 44—37

understand the requirements of that statute, it is, that when an appeal or writ of error is taken the bill of exceptions shall first be "settled," that is to say, approved and signed by the trial judge. The stenographer shall thereupon, when requested by the appellant or plaintiff in error, furnish and file in the office of the clerk duplicate copies of the bill. One of said copies of the bill, so certified by the stenographer, shall be inserted by the clerk in his certified transcript of the record in the case which he sends up to the appellate court. But the clerk, besides incorporating the stenographer's certified copy in the transcript, should properly include in his certificate to the transcript a statement that the stenographer's certified copy is one of the duplicate copies filed in his office. In this case there is no stenographer's certificate authenticating the bill, and we shall, therefore, hold that we have no bill of exceptions under the provisions of section 3237.

We notice a recent decision of the supreme court, *State ex rel. Harber v. Wear*, 101 Mo. 414, wherein it is held, in an opinion by Judge BLACK, that under the provisions of the statute, relating to stenographers in counties of less than forty-five thousand inhabitants, parties appealing are not confined to the work of the stenographer; that they can yet make up their bill of exceptions in the old way, from notes or memory. The two acts are quite different, but whether the ruling in *State ex rel. Harber v. Wear*, *supra*, would nevertheless apply to both statutes, we need not say, and do not decide. For as before seen we have no certificate of the clerk which includes an authentication of the bill, and the paper with the trial judge's name attached at the bottom thereof stands before us uncertified and unauthenticated.

III. Notwithstanding the foregoing we shall nevertheless consider the case as though a bill of exceptions was properly before us, for this reason: The clerk's certificate covers the entries in the record proper, which

embrace the judgment appealed from, showing the term and day of the term, month and year upon which it was rendered and the order granting the appeal. This under the provisions of section 2253, Revised Statutes, 1889, is sufficient for abstracts of the record under that section. These abstracts have been duly made and served by appellant, and respondents have duly made and served additional abstracts, and the cause is fully before us under the terms of the latter statute. We are of the opinion that the provisions of either of the statutes relating to stenographers, and heretofore referred to, do not prevent an appeal being presented to us as provided by section 2253.

IV. On the merits of the cause, it appears that defendant Hoos, being the owner of certain vacant property and desiring to erect houses thereon, borrowed $6,000 of plaintiff for that purpose, executing his notes for that sum and a deed of trust on the property to secure them. He also executed the bond heretofore referred to. The testimony discloses that the full amount borrowed was not put into said buildings as provided in the bond. But there was no testimony going to show any damage resulting to plaintiff from the breach of the bond, and the trial court refused to hear testimony offered to show that no damage would result. We will sustain the court's ruling in this respect. The bond is not one of indemnity against what damage may result to plaintiff by reason of a failure to expend the borrowed money in building the houses; but is an affirmative covenant to do a specific thing. Though it may be said that the object in executing the bond was most probably to add to the security and thereby save plaintiff from loss of any portion of his loan, yet the covenant is specific, and liability must be adjudged notwithstanding no loss is shown to have yet resulted from non-performance. In such bonds *non damnificatus* is not a good plea. The distinctions between indemnity against loss or damage

and a specific covenant to perform a definite thing is clearly made in the books. *Ham v. Hill*, 29 Mo. 275; *Wilson v. Stilwell*, 9 Ohio St. 467; *Gilbert v. Winan*, 1 N. Y. 552–556, 561–563; *Dort v. Jackson*, 17 Johns. 239, 479; *Thomas v. Allen*, 1 Hill, 146; *Willock v. Hoppock*, 6 Wall. 94.

It is not necessary to consider at this time what remedy defendant may have to prevent a double payment of his debt, if it can be so called, nor is it necessary to say he has any remedy, since nothing of that nature was presented or asked in the trial court or here.

It follows the instructions given by the court were correct, and the judgment is affirmed. All concur.

## ON MOTION FOR REHEARING.

SMITH, P. J.—A re-examination of the grounds of our opinion has resulted in a change of my conviction. I may shortly state the reasons for that change.

It may be conceded that it is well established by a current of decision that, if there be a covenant to indemnify simply, and no more, then the damage must be shown before the party indemnified is entitled to recover, but if there be an affirmative covenant to do a certain act, or to pay a certain sum or sums of money, then it is no defense to say the plaintiff has not been damnified, and the measure of damages in such case is the amount agreed to be paid or the proper expense of doing the act agreed to be done. *Ham v. Hill*, 29 Mo. 275; *Gilbert v. Winan*, 1 N. Y. 552; *Willock v. Hoppock*, 6 Wall. 94; *Thomas v. Allen*, Hill, 146; *Port v. Jackson*, 17 Johns. 239, 479; *Mann v. Eckford's Ex'rs*, 15 Wend. 502; *Ex parte Negrus*, 7 Wend. 499; *Lorsemore v. Radford*, 9 Mees. & Wels. 657; *Lathrop v. Atwood*, 21 Conn. 117; *Wilson v. Stilwell*, 9 Ohio St. 467. How shall the contract in question be classified? I think the plaintiff, by his pleading, has placed

it in the former. The breach of the condition of the
bond, which plaintiff in his petition assigned, was, that
Hoos kept $2,000 out of the $6,000 paid him by
plaintiff, which he ought to have expended in good
faith, in the erection of the buildings, "by reason
whereof the notes and deeds of trust are inadequate
and insufficient security to the extent of $2,000," etc.
"Wherefore plaintiff says he is injured and damaged
by reason of the premises, in the sum of $2,000, and,
therefore, he demands that judgment be entered for the
amount of said bond (which is $6,000), as by law pro-
vided, and that his damages hereunder be assessed at
$2,000." If the rule in respect to affirmative cov-
enants, which I have already mentioned, is applicable
to the broken covenant in this case, then the measure
of plaintiff's damages is the amount of the penalty in
the bond. But the plaintiff, by his pleading, alleges
that his security has been rendered inadequate and
insufficient to the extent of $2,000. Whether this was
so or not, was an issue of fact made by the pleadings.
The plaintiff was permitted to introduce evidence to
support the affirmative of this issue, while the defend-
ants were denied permission in like manner to show
the negative. The defendants offered to show, and we
are bound to presume they could show (*Funk v. Gul-
ware*, 49 Conn. 124), that the plaintiff's security was
adequate and sufficient. The plaintiff showed no liabil-
ity or loss and, therefore, no damage. Under the issues
made by the pleadings, I think the circuit court erred
in its ruling in this regard.

But if a different view be taken as to the propriety
of the action of the court in excluding the defendant's
offer of evidence, I would still be of the opinion that
the judgment should not stand for another reason. If
the judgment should be discharged by the sureties of
Hoos, this will not in any way diminish his liability on
the notes secured by the deeds of trust. The notes, one
or more of which are held, it seems, by persons other than

the plaintiff, will still be an unaffected secured liability of Hoos. This case is reduced to this complexion according to the opinion ; that is, that the plaintiff, or whoever are the holders of the notes, may enforce payment of them, notwithstanding the sureties may discharge the judgment of the plaintiff. It results that the primary obligation of Hoos to pay the money borrowed will in substance be twice paid. I think that any principle that leads to this, in a case of this kind, is wrong, and should not be followed. But, if this harsh rule is unbending, and without exception, I can discover no reason why, under our system of practice, when the circuit courts are invested with jurisdiction in equity, as well as at law, and are authorized to administer equitable as well as legal remedies, the rights of Hoos and his sureties on his bond may not be saved by ordering the holders of the notes to be made parties, and permitting the sureties to pay the amount of the judgment on the notes *pro rata* to the holders thereof, and have the same credited on the judgment. In *Ham v. Hill, supra,* it was said that the "defendant being a copartner and liable to the partnership creditors, notwithstanding his bond to the plaintiff, if the situation of the plaintiff is such, or if *there be circumstances that would make it just to do so, the court, on the trial, would, in rendering judgment, see that the defendant was made safe in paying the judgment.*" This practice was expressly approved in *Wilson v. Stilwell, supra.*

If this is a case, as we have decided, where the bond sued on contains an independent covenant to do a specific thing, I think, even then, that we should reverse the judgment and remand the cause, with directions to the circuit court, to make the orders which I have indicated, to save the rights of the parties. *Railroad v. Higgins,* 89 Mo. 607 ; R. S., sec. 3776. I think the motion should be sustained.