MORRIS LOEWEN *et al.*, Respondents, v. CHAS. R. HICKS
Appellant.

Kansas City Court of Appeals, June 3, 1895.

1. Trial Practice: BILL OF EXCEPTIONS: ORDER OF COURT: STIPU-
LATION. After the expiration of the time originally granted for filing
a bill of exceptions, extensions by the court and by stipulation of the
parties are without authority of law.

2. Judgment: PAYMENT: SATISFACTION. The payment of a note
secured by a deed of trust has in equity the effect to discharge a
judgment recovered on a bond conditioned that the money specified
in the notes and deed of trust should be used in the improvement of
the mortgaged premises.

*Appeal from the Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

AFFIRMED.

*Wm. C.* and *S. P. Forsee* for appellant.

(1) By a clerical misprision the minute entry of
December 16, reads "February 1," instead of "March
1." The judge in the bill, over his own signature,
states that the extension expired March 1. This is
also exclusively shown to have been the date by the
stipulation of counsel, over their own signatures, agree-
ing that the bill might be filed on or before March 15.
It is fair to assume (such was the fact) that these gen-
tlemen put their "O. K." upon the bill before it was
signed by the court. (2) The precise point now
raised has never been made nor passed upon in this
state. That point is whether or not a bill is well filed
which is signed and filed after the expiration of the last
"extension" by the judge, as shown by the minute

entry, but which was so signed and filed "within the time the parties to the suit in which such bill of exceptions is proposed to be filed, or their attorneys may in writing agree upon," etc. It is entirely new. There is *dicta* to the effect that after the expiration of the last "extension" neither "the court, nor the parties, nor their counsel, can make valid the filing of the bill." We apprehend that general expressions of judges, thrown out *arguendo* are to be taken in connection with, and restricted to, the point then squarely before the court, upon the facts there shown. Out of all the cases cited by counsel, only four or five were decided since the present statute (R. S. 1889, sec. 2168) went into effect in the revision of 1889, and none of them touch the point involved here. The recent history of the statute, so far as it touches this question, is thus exhibited (R. S. 1879, sec. 3636): "Such exception may be written and filed at the time or during the term of the court at which it was taken, and not after." (Last three words omitted in Acts, '85, p. 214). "Or within such time thereafter as the court may by an order entered of record allow." (Last clause added, Acts, '85, p. 214.) "Which may be extended by the court or judge in vacation for good cause shown, or within the time the parties to the suit in which such bill of exceptions is proposed to be filed, or their attorneys, may thereafter in writing agree upon, which said agreement shall be filed by the clerk and copied into the transcript of record when sent to the supreme court or court of appeals. (3) All the former decisions, and all of them since this clause became operative, were either inquiries into the validity of extensions made by the judge upon *ex parte* applications, or into cases where the parties "in open court," "consented to a filing out of time. We freely concede that the decisions hold that where a party relies upon an exten-

sion made by the judge, he must file his bill within the
period limited, and that an order of extension so made
must be made within the lifetime of the period last
named.   But that is not this case.   We rely upon the
written agreement of counsel, and upon the fact that
we filed our bill prior to the date therein named.   In
point of fact, we did not know that the court order had
expired by this mistake on February 1.   If we had
known that our first order had expired, we should,
however, in addition to any stipulation we might
obtain, have taken instant steps to correct that entry,
and to make our bill safe beyond even any possible
question, seeing that interests of importance are in-
volved in this cause.   We would not have for a moment
risked any question of its validity.   We had then the
means and the opportunity for correcting the mistake.
But we had then, and we now show and rely upon the
agreement.   Where the statute gives one or more pro-
cesses of procedure (as in sec. 2253) we may pursue
either, and, if either is good, the objection must fail.
This court, in *Hicks v. Hoos*, 44 Mo. App. 571, sus-
tained our present contention upon this point.   The
court there struck the bill from the transcript, but con-
sidered its contents under the alternative provision in
section 2253.

*I. J. Ringolsky* and *Karnes, Holmes & Krauthoff*
for respondent.

(1)   The bill of exceptions was not filed in time.
"The trial judge had no authority to extend the time
for filing the bill of exceptions after it had once ex-
pired."   *State v. Sweeney*, 54 Mo. App. 580, 581.
"After the time expires for filing a bill, there does not
exist any power in the court or out of it, or in the par-
ties, or their counsel, further to extend the time.   *State*

*v. Britt*, 117 Mo. 584; *State v. Anderson*, 115 Mo. 470; *State v. Scott*, 113 Mo. 559; *Dorman v. Coon*, 119 Mo. 68, 69; *Fulkerson v. Murdock*, 27 S. W. Rep. Mo. 555; *State v. Mayors*, 99 Mo. 602; *Burdoin v. Town of Trenton*, 116 Mo. 358; *Dorman v. Coon*, 119 Mo. 68, 69; *Danforth v. Railroad*, 27 S. W. Rep. 715; *State v. Ryan*, 120 Mo. 88, 92, 108; *State v. Hill*, 98 Mo. 570, 592; *State v. Berry*, 103 Mo. 367; *Wyllie v. Hefferman*, 58 Mo. App. 657; *Hill v. Scruggs*, 79 Mo. 187; *Johnson v. Greenleaf*, 73 Mo. 671, 672; R. S. 1889, sec. 2168. A recital in the bill of exceptions does not take the place of an entry of record. *Spencer v. Railroad*, 79 Mo. 500, 501; *West v. Fowler*, 59 Mo. 40.

SMITH, P. J.—This case is the sequel to that of *Hicks v. Hoos*, reported in 44 Mo. App. 571. The case there was that Hoos, being the owner of certain vacant lots and desiring to erect houses thereon, borrowed of Hicks the sum of $6,000, for that purpose, executing his promissory notes for that sum and deeds of trust on the lots to secure the same. He, with the Loewens as sureties (who are plaintiffs in the present suit) executed a bond to Hicks in the sum of $5,000, conditioned that said obligation was to be void, if the sum of money specified in the said notes and deeds of trust hereinbefore referred to should be used in the erection of four dwelling houses on said vacant lots. There was a breach of the condition of the bond and judgment against the principal and sureties in the bond, for $1,000, in the lower court, which was subsequently affirmed here.

It appears from the petition in this case that since the affirmance of the judgment in *Hicks v. Hoos*, the aggregate of all of said notes executed by Hoos to Hicks has been paid to said Hicks, with all interest thereon, so that he has received the full amount of his

loan and no longer has any interest in the premises, and that no part of said judgment is necessary to indemnify or protect the said Hicks. The prayer of the petition is that the said judgment be declared satisfied and discharged, etc. The decree of the court was in conformity to the prayer of the plaintiff's petition.

The record discloses the following entries with respect to the allowing of the appeal and the giving defendants time in which to file the bill of exceptions: "Final judgment was rendered on October 10, 1893, at the October term. The motion for a new trial was filed October 13, 1893, at the October term, and overruled on December 12, 1893. On December 16, 1893, at the October term, this entry was made:

"'Now come defendants by attorney, and file herein affidavit for an appeal, which said appeal is by the court allowed as prayed, to the Kansas City court of appeals, and defendants are given until on or before *February 1, 1894*, in which to file bill of exceptions.'"

On *February 24, 1894*, at the *January term*, this entry appears: "Come now defendants by their attorney and upon their application, the time for filing bill of exceptions herein is extended fifteen days." On March 3, 1894, at the January term, this entry appears: "Now come parties herein by attorney, and file stipulation that defendants herein have until March 15, 1894, in which to file bill of exceptions." This stipulation is dated February 28, 1894. March 14, 1894. In vacation. Bill of exceptions filed.

Under the provisions of section 2168, Revised Statutes, a bill of exceptions "may be written and filed at the time or during the term of the court at which it is taken, or within such time thereafter as the court may by an order entered of record allow, which may

be extended by the court or judge in vacation, for good cause shown."

It thus appears that on the sixteenth day of December, 1893, the trial court granted the defendants "until on or before February 1, 1894," in which to file a bill of exceptions; but the bill was not filed within that time. This being the case, it was clearly out of the power of the court, on the twenty-fourth day of February, to make an order extending the time for filing the bill of exceptions, for fifteen days, or for any other period.

And equally inefficacious was the stipulation of both parties entered into on the twenty-eighth day of February to extend the time until March fifteenth following. The defendants did not avail themselves of the extension and file their bill of exceptions on or before February 1, 1894; nor did they, during the currency of such period of extension, obtain from the court, or the judge thereof, an extension of the time; nor did the attorneys on both sides enter into a written stipulation extending the time. When the first day of February—the time given by the order of the court until which to file their bill—had passed, the decree of the court became final. After the expiry of that time, neither the court nor the judge thereof, nor the parties, had any power to take any further steps in the cause. The word "extended," as employed in the statute, means "prolonged," and, of course, as said by SHER-WOOD, J., in *State v. Scott*, 113 Mo. 560, "a prolongation of time can not occur after the time originally limited has expired." *State v. Apperson*, 115 Mo. 470; *State v. Butt*, 117 Mo. 584.

It necessarily follows that both the so-called extension by the court and that by the stipulation of the parties was without authority of law, and, therefore, there is no bill of exceptions preserved. Unless there

is error apparent upon the face of the record proper, we must affirm the decree of the trial court.

The payment to Hicks of the entire amount due on the notes secured by the deed of trust had, in equity, the effect to discharge the judgment recovered on the bond. A payment of the judgment would have, *pro tanto*, discharged the trust debt. *Ham v. Hill*, 29 Mo. 275; *Hicks v. Hoos*, 44 Mo. App. 571. Since the petition sufficiently alleges the payment of the notes, it inevitably results that the same is sufficient to justify the decree.

Discerning no error in the record proper, the decree is affirmed. All concur.