CHARLES T. LEWELLYN et al., Respondents, v. GEO. E. LEWELLYN, Admr., etc., Appellant.

St. Louis Court of Appeals, January 15, 1901.

1. **Bill of Exceptions, Time of Filing**: PRACTICE, TRIAL: PRACTICE, APPELLATE. When the time for filing bill of exceptions expires on November 1, an order made by the court on November 2 granting a further extension of time is without authority and void.

2. **Practice, Trial**: APPEAL FROM PROBATE COURT: AFFIDAVIT FOR APPEAL, EFFECT OF. The filing of an affidavit for an appeal, in the probate court, ousts the probate court of jurisdiction of the cause and transfers it to the circuit court.

3. ———: ———: ———: TRANSCRIPT: WAIVER. When a transcript from probate court is filed, the circuit court becomes possessed of the cause, and if the parties appear and go to trial without raising any objection to the transcript, the defects and imperfections of the transcript are waived.

4. **Practice, Trial**: ADMINISTRATOR, REMOVAL OF: MISMAN-
AGEMENT OF ESTATE, SUFFICIENCY OF COMPLAINT. Where
a complaint alleges generally that an administrator failed to admin-
ister an estate according to law, and to inventory personal property
of the estate, and to wind up the estate within the time prescribed
by statute, it charges mismanagement for which cause an adminis-
trator may be removed, and is sufficient after verdict to support a
judgment.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee,*
Judge.

AFFIRMED.

*Blair & Marchand* and *Chas. Hiller* for appellant.

(1) The trial court had no jurisdiction over case or cause
of action, because there was no certified transcript of the record
and proceedings had in the probate court relating to the case,
transmitted to the clerk of the trial court as required by law.
There is no certificate under seal, or without seal, showing the
pretended transcript filed in trial court to be the proceedings
of any court. Nor is there anything in it showing that the
clerk or judge's name is to it; nor as to who was the clerk or
judge of said court at the time said pretended transcript was
filed in said trial court. This is not an error, defect or imper-
fection in the proceedings of probate court, but a failure of
clerk or judge to send up a transcript under certificate and seal
as required by law. The name "J. M. Hays, judge of pro-
bate," without a certificate and the seal of office affixed,
amounts to nothing. R. S. 1889, sec. 291, p. 173. (2) If
it be held that the amended application, referred to in said
pretended transcript, may be considered in passing upon the
question of the jurisdiction of the trial court, then we present
that said application is not verified by plaintiffs, or either of
them, as required by law—no affidavit at all; simply a jurat

appended to application. R. S. 1889, sec. 42, p. 132; 1 Am. and Eng. Ency. of Law, sec. 1, p. 307, sec. 3, p. 309 and sec. 4, p. 310; Barhydt v. Alexander, 59 Mo. App. 188; Norman v. Horn, 36 Mo. App. 419; Hargadine v. Van Horn, 72 Mo. 370; Brown v. Moody, 64 Mo. 547; Adams v. Cowles, 95 Mo. 501; 2 Pattison's Comp. Dig., secs. 150, 151, 196, 197, 199; Abernathy v. Moore, 83 Mo. 65. (3) The pretended transcript does not contain facts sufficient to constitute a cause of action against defendant. The said transcript neither shows nor contains any grounds known to be the law for the revocation of defendant's letters of administration; nor does it refer to or identify any paper accompanying the same that does contain such grounds. If it be held that the amended application may be considered in passing upon this question, then we present that it can not be so considered because not verified. The law requires that it shall be verified, but it was not done—no affidavit at all—simply a jurat appended. R. S. 1889, sec. 42, p. 132.

*T. L. & S. J. Montgomery* and *W. T. Rutherford* for respondents.

(1) Appellant raises the question of defect in the record for the first time, in a general way, in the motion in arrest of judgment, and seeks to gain a technical advantage of respondents without giving the trial court an opportunity to authorize any correction of the record, or even specifically calling attention thereto. This he can not do. The record is now full and complete. Ganz v. Weisenberger, 66 Mo. App. 106, 110; Mellor v. Railroad, 105 Mo. 455; Scott-Force Hat Co. v. Holmes, 127 Mo. 400. (2) The trial judge had no authority to sign the bill of exceptions after the time had expired as aforesaid nor, could he at a subsequent term, or in vacation sign

and allow the bill of exceptions.   State v. Sweeney, 54 Mo. App. 580, and cases cited; State v. Scott, 113 Mo. 559; Burdoin v. Town of Trenton, 116 Mo. 358; State v. Mosley, 116 Mo. 545.

BLAND, P. J.—The judgment from which the appeal was taken was rendered on April 9, 1897, and leave was granted at the same term to file bill of exceptions on or before August 10, 1897.   Timely orders were made by the judge of the court extending the time for filing bill of exceptions to September 1, 1898.   On the twenty-first day of August, the parties agreed in writing to an extension of the time to file the bill to November 1, 1898.

On November 2 the judge of the court extended the time for filing the bill to November 15, 1898.   The bill was filed on November 14, 1898.

The time for filing the bill of exceptions, as per agreement of parties of August 21, 1898, expired on November 1, 1898.   It was, therefore, beyond the power of the court to grant a further extension after that date.   The order of the court made on the second day of November, extending the time to the fifteenth of the same month, is without authority and void.   State v. Schuchman, 133 Mo. 111; Loewen v. Hicks, 63 Mo. App. 79.   There is no bill of exceptions in the cause—nothing to review, and the judgment is affirmed. All concur.

## ON MOTION FOR REHEARING.

This proceeding was begun in the probate court of Clark county.   It is under the statute, to revoke the letters of respondent as administrator of the estate of John W. Lewellyn. A trial in the probate court resulted in a judgment for the

administrator from which his adversaries appealed to the circuit court. In the latter court, on a trial *de novo,* a judgment was rendered revoking his letters, from which he appealed to this court. At the October term, 1900, of this court, diminution of the record was suggested by both parties and leave was taken to supply the records as on return to a writ of scire facias. In pursuance of this leave both parties have filed additional transcripts, and each have filed a motion to strike out the additional transcript filed by the opposite party. The bill of exceptions as it appears from the original transcript was filed out of time. Appellant attempted to cure this defect by filing in the Clark Circuit Court, at the April term, 1900, thereof, his motion to supply a lost paper, the contents of which he alleged showed that the judge of the Clark Circuit Court had, by an order made on the thirty-first day of December, 1897, extended time to file his bill of exceptions to March 1, 1898. Over the objections of respondent, appellant introduced evidence tending to prove that an extension of time in which to file a bill of exceptions had been granted him by the court, and that it was lost or destroyed. On this evidence the court sustained the motion and made an order supplying the lost paper. The order as supplied shows time to file bill of exceptions was extended to March 1, 1898.

On August 28, 1898, to which date further leave had been granted to file the bill of exceptions, the attorneys of record for both parties agreed to again extend the time of filing the bill to the first day of November, 1898. On the second day of November, 1898, the day after the expiration of the time in which the bill should have been filed, the judge of the court, by written order, extended the time to file to November 14, and the bill was filed on November 15, 1898.

After the first day of November, 1898, the limit of the time agreed upon in which the bill might be filed, the judge

of the court had no authority to further extend the time. State v. Schuchmann, 133 Mo. 111, and cases cited. We therefore hold that there is no bill of exceptions before us and that the case is not reviewable, except on the record proper.

It is contended by the appellant, that the transcript from the probate court, as originally filed in the circuit court and on which a trial *de novo* was had, is insufficient to confer jurisdiction on the circuit court. The transcript contains the charges of maladministration against the administrator (appellant), the judgment of the probate court on a hearing of the charges, and the affidavit for an appeal, but it contains no order of the probate court allowing the appeal, nor is the transcript certified by the judge or clerk of the probate court. Section 284, Revised Statutes 1899, requires the clerk of the probate court, when an appeal is taken, to transmit the papers and a certified transcript of the proceedings to the circuit court or other court having appellate jurisdiction, and the succeeding section (285) requires the circuit court, or other court having appellate jurisdiction, to try the case anew without regarding any error, defect or other imperfection in the proceedings of the probate court. The filing of the affidavit for the appeal ousted the probate court of jurisdiction of the cause and transferred it to the circuit court. If any formal order was necessary to be made by the probate court granting the appeal, the fact that it sent up the papers and transcript to the circuit court was tantamount to an allowance of the appeal. When the transcript was filed, the circuit court became possessed of the cause and the parties appeared and went to trial without raising any objection to the transcript, and by so doing the defects and imperfections of the transcript were waived. Cooper v. Cooper, 86 Ind. 75; County of Boone v. Corlew, 3 Mo. 10; Ellenrath v. Kallmeyer, 61 Mo. App. 430.

The appellant contends in his motion for re-hearing that

the complaint is insufficient to support the judgment. The complaint on which the cause was tried is as follows:

"State of Missouri, $\left.\right\}$ ss.

County of Clark.

"In the probate court of Clark county, Missouri, May term, 1896.

"Now, on this day, come the complainants, Charles T. Lewellyn and Nannie Benning, and by way of amendment to the first complaint filed herein, state to the court that they are the heirs at law of John W. Lewellyn, deceased, late of Clark county, Missouri, and as such are interested in the safe, proper and correct administration of said estate, and are entitled to distribution therein. That George E. Lewellyn is now and was for a long time past the duly qualified and acting administrator of said estate.

"Complainants charge: First. That he has failed and refused to charge himself in his settlements or inventory with the rent of the land of the estate.

"Second. That he has failed and refused to make a perfect inventory of the assets of said estate.

"Third. That he has not accounted for the rents and profits of said estate since his appointment as administrator of said estate.

"Fourth. That he has failed and refused to make final settlement in said estate, though often requested to do so by your complainants.

"Fifth. That he has purposely kept said estate in debt, and has, during all of this time negligently and grossly mismanaged and wasted said estate so as to endanger the rights and interests of creditors and your complainants.

"Sixth. That he is incapable and untrustworthy as administrator.

"Wherefore, your complainants pray that the letters of administration granted to George E. Lewellyn upon said estate be revoked, and letters of administration be granted to some suitable person.                    C. T. LEWELLYN.

"Subscribed and sworn to before me this twenty-eighth day of May, A. D. 1896.    R. L. FORD, Notary Public.

(L. S.)        "My commission expires July 10, 1898."

The sufficiency of this complaint to support the judgment is challenged on two grounds: first, that it was not subscribed and sworn to as required by the statute in such proceedings, and, second, that it does not state facts sufficient to constitute any cause of action.    The complaint is subscribed to by C. T. Lewellyn, one of the complainants, and is sworn to by him before an officer authorized to administer oaths.    This is sufficient.    It was not necessary that it should be sworn to by both complainants.    The allegations of maladministration are general and indefinite. The demurrer or motion to make more definite and certain, had one or the other been offered, should have been sustained. Appellant elected to go to trial on it as he found it, without objections to its sufficiency. It is too late after judgment to object to the sufficiency of the complaint, if it contains any allegations, however general in its terms, sufficient to support the judgment.    The complaint alleges generally wherein the administrator failed to administer the estate according to law and to inventory personal property of the estate, and failed to wind up the estate within the time prescribed by statute.    These are charges of mismanagement for which cause an administrator may be removed (R. S. 1899, sec. 42), and though general are sufficient after verdict to support the judgment.

The motion for rehearing is overruled.·   All concur.